THE STATE OF KANSAS, *Appellee*, v. FRANK WINTERS, *Appellant.*

No. 16,625.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Statutory Duty to Instruct—Waiver.* The statute providing that the trial judge in a criminal case must state to the jury all matters of law necessary to enable them to give a verdict does not express a public policy requiring the nullification of all proceedings in which it is not strictly observed. It merely prescribes a rule of criminal procedure the benefits of which a defendant may waive.

2. —————— *Waiver of Instructions on Lesser Degrees and Offenses.* Generally a defendant in a criminal case may waive instructions upon lesser degrees and lesser offenses embraced in the principal crime charged in the information by failing to make a timely request for them; and, *a fortiori*, he does so by objecting to the giving of such instructions.

3. —————— *Verdict of Guilty of Higher Offense—Instructions on Lesser Offense Immaterial.* Generally a verdict of guilty of a higher offense or degree, based upon satisfactory evidence and correct instructions relating to it, renders error in giving or refusing instructions upon inferior degrees or offenses immaterial.

4. —————— *Procedure Discussed.* Limitations upon the rules stated in paragraphs 2 and 3 discussed.

Appeal from Pawnee district court; CHARLES E. LOBDELL, judge. Opinion filed December 11, 1909. Affirmed.

*Carr W. Taylor,* and *George A. Neeley,* for the appellant.

*Fred S. Jackson,* attorney-general, and *W. H. Vernon, jr.,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appellant was convicted of the crime of assault with a deadly weapon—a gun and gun barrel—with intent to kill. He was traveling overland with his wife in a wagon. Parties who were afterward witnesses at the trial were passing near where the appellant's wagon stood when they discovered him in the act of kicking the prostrate body of his victim. He halted them with a threat that he would blow their brains out and said he had killed a man there, a Mexican, and that if the Mexican were not dead he would finish him. He compelled the parties whom he had arrested to go to the place where the body lay, and when it was approached he commenced kicking it again. The Mexican was groaning, but was unconscious. He was denuded of clothing, except shoes. Pieces of his clothing were lying about. His head was bloody and bleeding and there were a number of wounds on other parts of his body. His head had received so many blows on top and at the back that it was bruised and literally slit into pieces. Any one of the blows would have rendered him unconscious. These wounds might have been produced by a gun barrel used as a club. The appellant showed the witnesses a gun with which he said he struck the Mexican and said he broke the stock and bent the barrel in doing so. He said he was going to take the body, hogtie it, put it on the back of his wagon and destroy the evidence. His wife wanted him to hitch up and leave, and he knocked her down. He compelled one of the witnesses, at the point of a revolver, to hitch up his team for him. On the trial he and his wife told the story of an attack on them by some Mexicans and of resistance in self-defense.

The state requested the court to instruct the jury on the lesser offenses embraced in the crime charged in the information. The appellant's attorney objected, his objection was sustained, and no instruction was

given relating to assault and battery. The appellant now argues that the statute requiring the court in charging the jury to state all matters of law necessary for their information in giving their verdict (Crim. Code, § 236) is mandatory; that no request for such an instruction is necessary; and that a defendant in a criminal case can not waive the requirement of the statute, because it expresses the public policy of the state in respect to this feature of criminal procedure.

Very early in the history of the state it was held that the statute is imperative and should be obeyed without request. In *Craft v. The State of Kansas,* 3 Kan. 450, the defendant was convicted of murder in the first degree. No instructions relating to inferior degrees were requested or given. The court said:

"Another assignment of error is that the court neglected to inform the jury what constituted murder in the second degree and the four degrees of manslaughter. The statute provides that the court in charging the jury 'must state to them all matters of law which are necessary for their information in giving their verdict.'

"It also provides, in substance, that upon a charge of murder in the first degree the defendant may be convicted of any offense necessarily included therein, which would embrace murder in the second degree and the various degrees of manslaughter. Now, inasmuch as it is very manifest that murder in the second degree and all the grades of manslaughter are necessarily included in the charge of murder in the first degree, it was the imperative duty of the court, made so by the statute, to explain all of them to the jury. As the provision is plainly imperative, there is no necessity for attempting to sustain it by reason. It was error to omit to do so." (Page 485.)

In the case of *The State v. Grubb,* 55 Kan. 678, there was a question whether under the evidence the completed crime of rape had been committed. The court said:

"Although the defendant did not ask any instruction as to the law of an attempt to commit the crime, yet we think the court ought to have informed the jury upon the subject." (Page 680.)

These cases sufficiently illustrate the peremptory character of the statute. Very soon, however, it became apparent that a reversal ought not to follow every failure to obey the statute. In the case of *The State v. Dickson,* 6 Kan. 209, the syllabus reads:

"And when the instructions complained of relate to a degree of crime inferior to the principal offense charged in the information, and inferior to that of which the defendant is convicted, they will be deemed not to have prejudiced the defendant, whether erroneous or not."

This rule was given a place in the syllabus of the decision in the case of *The State v. Potter,* 15 Kan. 302, which also announces the following principle:

"If the court in its instructions gives in general terms the elements of the crime charged, and it is not asked by defendant to enlarge upon and explain further any particular element or feature thereof, no error has been committed in failing to give fuller and more explicit instructions which will justify a reversal."

The ruling in *The State v. Dickson* was recognized but not discussed in the cases of *The State v. Rhea,* 25 Kan. 576, and *The State v. Yarborough,* 39 Kan. 581. In the case of *The State v. Reed,* 53 Kan. 767, the defendant was charged with murder in the first degree and convicted of murder in the second degree. No instruction relating to manslaughter was asked or given. The court said:

"There is a further complaint that the court failed to submit an instruction upon manslaughter in the second degree. As the instruction complained of related to a degree of crime inferior to that of which the defendant is convicted, this objection becomes immaterial." (Page 779. Citing *The State v. Dickson, The State v. Potter, The State v. Rhea,* and *The State v. Yarborough.*)

In the case of *The State v. McCarty,* 54 Kan. 52, no instruction upon the law of manslaughter in the second degree was asked or given, although the law relating to

other degrees of manslaughter was stated. The court said:

"We agree with counsel that the court should correctly charge the jury as to all the law applicable to every state of facts fairly supported by evidence, and that the rule declared in *The State v. Dickson*, supra, ought not be extended to unreasonable limits. But where the jury under proper instructions have found a defendant guilty of every element of the superior offense, erroneous instructions or a total failure to instruct, with reference to an offense inferior in degree and including less criminality can not, logically, be said to have influenced the jury. The failure of the court can only be said to be prejudicial to the defendant on the theory that the jury failed to fully comprehend the definition of the superior degree, or misconstrued and misapplied the law to the facts. To indulge in such presumptions, even though we know that mistakes are made by juries and courts alike, is to overturn the whole theory of the administration of justice." (Page 58.)

In the case of *The State v. Peak*, 66 Kan. 701, the defendant was convicted of selling intoxicating liquors and keeping a nuisance contrary to the prohibitory law. The opinion reads:

"Another alleged error is that the court instructed the jury that under the information, if the evidence warranted, the defendant might be convicted of keeping and maintaining a clubroom. The defendant contends that the information was not drawn under the clubroom provision of the statute and contains no allegations upon which the defendant could be convicted of keeping or maintaining a clubroom. We do not believe this position is well taken. The facts charged in the information are sufficient to support a conviction either for maintaining a nuisance under the nuisance provision of the statute or for keeping a clubroom under that provision of the statute. However, since the keeping of a clubroom is an inferior degree of the offense, and since the jury found the defendant guilty of committing the greater offense, he has no cause to complain of the instruction given." (Page 704. Citing *The State v. Dickson* and other cases to like effect.)

In the case of *The State v. Clark*, 69 Kan. 576, the rule of *The State v. Dickson* was invoked, but a formal request had been made for instructions, based on evidence difficult to interpret, relating to inferior degrees of the crime charged. The court said:

"Appellant asked the court to give instructions on all the degrees of manslaughter except the first. The court requested counsel to formulate a theory on which instructions respecting manslaughter in the second, third and fourth degrees should be given, which he failed to do. The court was justified in refusing to instruct on manslaughter in the first degree, but, as to the other degrees, the failure of counsel to formulate a theory on which the court might instruct was not a sufficient reason for such refusal. The testimony itself, without the aid of counsel, presented to the court a sufficient theory on which to base instructions respecting the several degrees of manslaughter to which we have referred. Section 5681 of the General Statutes of 1901 requires the court, in a criminal case, to state to the jury all matters of law which are necessary for their information in giving a verdict. This must be done without request from the defendant. (*Craft v. The State of Kansas*, 3 Kan. 450.)" (Page 585.)

In the case of *The State v. Walke*, 69 Kan. 183, the court failed to instruct concerning the defense of *alibi.* The court said:

"He did not request the giving of any instruction to the jury specially calling their attention to this matter or specially explaining the law applicable thereto, and no such instruction was given. This omission is very strenuously urged as error. It is true that section 236 of the criminal code (Gen. Stat. 1901, § 5681) requires that the judge charge the jury in writing, and in such charge state to them all matters of law necessary for their information in giving their verdict. But this provision can not be construed that instructions are to be in any particular form or are required to go into all the minutiæ of the case. Its purpose is fully satisfied if such instructions be sufficient fairly to present the salient features arising upon the law of the case. If more than this be desired by either party, it should be specifically requested, and may well be held to be waived if not so requested." (Page 184.)

In the case of *The State v. Clough*, 70 Kan. 510, the court omitted to instruct concerning lesser offenses included in the general charge of the information. The court said:

"Even if the court erred in its instructions to the jury or in omitting to instruct in some respects, the record fails to show that the error was properly called to the attention of the court. No exception was taken to any instruction given, and no request appears to have been made for additional instructions. The attention of the court was first called to the alleged error after verdict, upon the presentation of a motion for a new trial. This is not good practice. On the trial of criminal cases attorneys for defendants are in court for the purpose of protecting the interests of their clients in every legitimate way. They should not, however, lie in wait to catch the court in error for the purpose of obtaining reversals but should claim every right of the client at the proper time, as the trial progresses, and object and except to every adverse ruling supposed to be inimical to the rights of the client at the time it is made." (Page 512.)

In the case of *The State v. Newton*, 74 Kan. 561, two paragraphs of the syllabus read as follow:

"Where, in a criminal prosecution upon a charge of murder in the first degree, the evidence points so strongly to the guilt of the accused in the highest degree of the crime as practically to exclude any theory of guilt in a lower degree, and where the evidence does not naturally suggest the absence of premeditation and deliberation in the commission thereof as probable, still it is the duty of the trial court to define and instruct in reference to all lower degrees of the crime of which there is any reasonable theory of guilt under the evidence.

"In such a case, however, it is not reversible error for the court to omit to define any lower degree of the crime or to instruct in reference to it unless its attention is challenged thereto by a request for such instruction."

These cases are sufficient to illustrate the limitations upon the compulsory aspect of the statute which have been recognized since Craft's case was decided, in

April, 1866. From all the decisions noted it may be concluded that the statute means what it says and should be followed, but that a duty rests on counsel for the defendant to aid and not to ambush the court, and consequently instructions should be requested covering all lesser degrees or lesser crimes involved in the main charge which the defendant desires to be considered. A request sufficient to direct the mind of the court to the subject is enough. Good instructions need not be offered, or a good theory for them formulated; and the evidence itself may point so plainly to the necessity for such instructions that no request is necessary. Generally, however, a failure to make the request waives error in failing to instruct, and, generally, error in failing to instruct or in giving wrong instructions upon lesser degrees or offenses works no prejudice when the defendant is convicted upon satisfying evidence of a higher charge, under correct instructions relating to it. Should it appear that if omitted instructions duly requested or clearly required by the evidence had been given the jury might naturally and probably have convicted of a lesser degree or offense, the omission will constitute prejudicial error.

Such being the law, the statute in question falls far short of declaring a public policy which nullifies all proceedings not strictly conforming to it. Nor does it grant a purely personal privilege to a defendant in a criminal case, for the state may have the right to instructions of the character discussed notwithstanding the defendant's objection. (*The State v. Newton*, 74 Kan. 561, 566.) The statute merely prescribes a rule of criminal procedure the benefits of which a defendant may waive, and which is qualified by another statutory rule that on appeal judgment must be given without regard to technical errors or defects or exceptions which do not affect substantial rights. (Crim. Code, § 293.) In this case the defendant's objection to an instruction on the subject of assault and battery was

much stronger as a waiver than the mere failure to request such an instruction would have been, and the verdict of guilty of the crime charged in the information is so clearly and abundantly supported that the question of a mere assault and battery is no longer material.

Complaint is made of two instructions which were given. No exception was taken to them at the time and consequently none is permissible now. However, the court has examined them and is satisfied they are not open to the criticisms made upon them.

Misconduct of the jury is urged. The proof fails to establish the charge. At most the testimony of the only witness called is merely conflicting, and the trial court has determined its true effect.

The judgment is affirmed.