THE STATE OF KANSAS, *Appellee,* v. L. L. LYNCH, *Appellant.*

No. 17,508.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Forgery—Duty of Judge to Define Offense.* In charging a jury in a criminal case it is the duty of the judge to define the offense charged, stating to the jury the essential elements of the crime, either in the language of the statute or in appropriate and accurate words of his own.

2. —————— *Same.* In a prosecution for forgery, and also for uttering a forged instrument, there was no substantial testimony showing that the accused participated or aided in the forging, but the evidence was mainly directed toward proving that he aided in the uttering. The trial court instructed the jury as to the offense of forging the instrument, but did not define the offense of uttering the same, nor state the essential elements of that offense. The jury returned a verdict finding the accused guilty of forgery in the second degree, as charged, but they did not indicate the particular offense of which he had been found guilty. *Held,* that the failure to instruct the

jury as to the charge of uttering the forged instrument, the offense of which the accused was probably convicted, is prejudicial error.

Appeal from Finney district court. Opinion filed February 10, 1912. Reversed.

*Fred J. Evans,* for the appellant.

*John S. Dawson,* attorney-general, for the appellee; *Edgar Roberts,* county attorney, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an information appellant and W. R. Anderson were jointly charged with forging and passing a bank check for $5, purporting to have been drawn by William E. Potter on the Citizens State Bank, of Scott City, in favor of G. S. Glancy. Anderson entered a plea of guilty as principal, but appellant pleaded not guilty, and on a trial was found guilty of forgery in the second degree.

In this appeal attention is called to a defect in the information, where it is alleged that the offense was committed on April 16, 1901, ten years prior to the filing of the information. This is not a fatal defect, as the writing of 1901 instead of 1910 was manifestly a clerical error and is too technical for serious consideration. The copy of the check, which constitutes a part of the information, is dated 1910.

Complaints of a more serious nature are that the court failed to properly instruct the jury on material matters of law, and also that the evidence did not warrant the conviction. Appellant was charged with both forging and uttering the check, in a single count. There was no claim that he was directly connected with the forging of the check and it is earnestly contended that there is no testimony tending to show that he had any part in making it or that he knew that it had been forged. The claim of the state was that he had aided

34—86 KAN.

and abetted Anderson in the commission of the offense. There was testimony tending to show that he aided in passing the check but it is difficult to find anything in support of the charge of forging it. The trial court, however, in submitting the case, instructed the jury that appellant was prosecuted under section 121 of the crimes act, which, so far as is pertinent, reads:

"Every person who shall forge . . . or cause or procure to be forged . . . any order or check, being or purporting to be drawn on any . . . incorporated bank . . . by any other person . . . shall upon conviction be adjudged guilty of forgery in the second degree." (Gen. Stat. 1909, § 2611.)

The attention of the jury was called to the provision that:

"Any person who counsels, aids or abets in the commission of any offense may be charged, tried and convicted in the same manner as if he were a principal." (Crim. Code, § 115.)

A great deal of testimony in regard to the passing of the check was received in evidence, but the court failed to call the attention of the jury to the law relating to uttering or passing forged paper, and, in effect, narrowed the issue to the forging of the check. The verdict of the jury found "the defendant guilty of the crime of forgery in the second degree, as charged in the information." The information, as we have seen, charged two offenses, one of forging the check, under section 121 of the crimes act (Gen. Stat. 1909, § 2611), and the other of uttering it, under section 134 of that act (Gen. Stat. 1909, § 2624). Each of these offenses constitutes forgery in the second degree. Of which offense was appellant found guilty? The verdict itself does not disclose. Apparently the effort of the state was to prove the uttering of the forged paper, and there was testimony tending to show that appellant aided in passing the check, but that question was not submitted to the jury, or at least they were not advised as to what

were the elements of that offense.    Appellant may have been found guilty of aiding in uttering the check, an offense which the court did not define.    It devolved on the judge at least to give a definition of the offense charged, stating the essential elements, either in the language of the statute or in appropriate and accurate words of his own selection.    The statute provides that:

"In charging the jury he must state to them all matters of law which are necessary for their information in giving their verdict."    (Crim. Code, § 236.)

This provision does not require any particular form of instruction, nor that the judge shall, without request, instruct upon every minute detail of the issue, but, whether requested or not, the definition of the offense charged, and a statement of its essential elements, are indispensable.    (*Craft v. The State of Kansas*, 3 Kan. 450; *The State v. Grubb*, 55 Kan. 678, 41 Pac. 951; *The State v. Walke*, 69 Kan. 183, 76 Pac. 408; *The State v. Clark*, 69 Kan. 576, 77 Pac. 287; *The State v. Winters*, 81 Kan. 414, 105 Pac. 516.)

If the verdict had shown that the appellant had been found guilty of aiding in forging the check, the offense which the court did define, a question might arise whether there was testimony sufficient to sustain it. From the testimony in the abstract it seems that the prosecutor was relying mainly, if not entirely, on that offered to prove an uttering of the paper, and it may be reasonably inferred that the verdict of the jury is based on that evidence and that appellant is found guilty of an offense about the nature and ingredients of which the jury were given no advice or instructions.

As to the forging of the check, it was shown that Anderson had signed the name of Potter to a check without authority from Potter, but it was not shown that appellant participated in writing or signing the paper nor that he aided in the forging.    He was about eighteen years old and lived in Scott City, and, having

just formed the acquaintance of Anderson, they together made a trip to Garden City. There they drank intoxicating liquors at several places and in the evening Anderson passed the check to which the name of Potter was signed. Appellant testified that he had just met Anderson and supposed his name was Potter, and others testified that appellant introduced Anderson to some of his friends as Potter. There was testimony, it is true, that appellant had seen a post card in Anderson's possession which bore his correct name, but Anderson testified that he never told appellant his name nor had appellant addressed him by his surname. When the person to whom Anderson presented the check hesitated about cashing it appellant did say "the check is all right." There was testimony, too, tending to show that he was present and aided Anderson in passing another check in a jewelry store, to which the name of Potter was signed, but Anderson, who pleaded guilty and who testified in behalf of the state, said that appellant did not participate in any way in forging the checks and that what he did was to identify Anderson in two places and to state that the check was all right. There is no direct testimony that appellant aided in the forging and it is very doubtful if the testimony warranted an inference that he had any part in it. While there was testimony which would sustain a finding of aiding in uttering, that issue was not properly submitted to the jury for determination.

Other complaints are made of instructions given, and as to the admission of testimony, but these are not deemed to be material. The failure of the court, however, to instruct the jury as to the uttering of the check, to which the evidence was mainly directed and the only one which finds substantial support in the evidence, is material error, and the judgment, therefore, is reversed and the cause remanded for a new trial.