State v. Ketter.

---

No. 26,861.

STATE OF KANSAS, *Appellee*, v. WILLIAM KETTER, *Appellant*.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Driving Automobile While Intoxicated—Sufficiency of Evidence*. In a prosecution for driving an automobile while under the influence of intoxicating liquor, the evidence examined and held sufficient to require submission to the jury and to support the verdict and judgment.

2. SAME—*Evidence Elicited on Cross-examination*. Evidence elicited on cross-examination from one of defendant's witnesses was not improper.

3. TRIAL—*Conduct of Judge—Holding Witness for Arrest*. Under the circumstances stated in the opinion it was neither improper nor prejudicial for the court to direct the sheriff to hold a witness until the county attorney could draw a complaint against the witness for a violation of the law.

4. INTOXICATING LIQUORS—*Prosecution Generally*. Various other alleged errors considered and held not to require a reversal.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed July 10, 1926. Affirmed.

*Charles C. Calkin,* of Kingman, for the appellant.

*C. B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *H. E. Walter,* county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant appeals from a conviction of driving an automobile while under the influence of intoxicating liquor. The facts were, substantially, as follows: About dark on the

Criminal Law, 16 C. J. pp. 539 n. 36, 835 n. 29; 17 C. J. p. 246 n. 72. Motor Vehicles, 28 Cyc. pp. 49 n. 56, 50 n. 58. Witnesses, 40 Cyc. pp. 2512 n. 43, 2513 n. 45, 2514 n. 49.

evening of March 3, 1925, the defendant and one George Preston drove into the town of Norwich. They stopped near a hotel conducted by T. R. Newkirk. The defendant had come to take a lady, with her trunk and other baggage, to Wichita. He entered the hotel and asked for the lady. Newkirk observed that he was unsteady on his feet and smelled of alcohol. His actions were such that Newkirk concluded he was not sober, and after the defendant had carried out the trunk and put it on the automobile Newkirk came out, demanded the trunk, and undertook to remove it. An altercation arose between them. D. A. Locke, the city marshal, noticed the confusion and appeared on the scene. The marshal observed the actions of the defendant and smelled the alcohol. After some further conversation the defendant and Preston drove away. The defendant was later charged and convicted under R. S. 21-2160, which provides that:

"It shall be unlawful for any person under the influence of intoxicating liquor or any exhilarating or stupefying drug to drive, operate or have charge of the power or guidance of any automobile, motor cycle or any motor vehicle propelled by other than muscular power, upon any public road, highway, street, avenue, driveway or alley within the state of Kansas. And that the taking or use of any intoxicating liquor or exhilarating or stupefying drug by the person driving, operating or in charge of the power and guidance of any automobile, motor cycle or other vehicle, or while operating such vehicle propelled by other than muscular power, within a reasonable time prior to taking charge or guidance of such vehicle, shall be construed as *prima facie* evidence that such person is under the influence thereof."

Defendant contends that the court erred in receiving improper testimony and excluding proper testimony, in the instructions given, and that certain statements and actions of the court in the trial influenced the jury to his prejudice. He argues that if it were not for the errors complained of it would be useless, perhaps, to contend that the verdict was contrary to the evidence; that, removing the prejudicial matters, it is quite likely that the evidence standing alone was sufficient to support the verdict of the jury, notwithstanding its meagerness; that there was no direct evidence of intoxication, or of the fact that defendant actually drove the automobile. That is to say, there was no evidence to sustain the verdict. There was evidence that the defendant talked as though his tongue was pretty thick, as though he was drunk. The witness testified that he had seen men under the influence of liquor and they talked as though the tongue was thick; that both the defendant and Preston went

away in the car; that the defendant drove the car from the hotel; that the witness did not know where they went. Another witness who saw the defendant on the occasion in question testified that he thought the defendant had been drinking a little.

We are of opinion the evidence was sufficient, under all the circumstances, to take the case to the jury.

The defendant complains of the extent or degree of the intoxication proved. The statute does not differentiate between one slightly intoxicated and one "dead drunk." It prohibits one from driving an automobile who is only slightly under the influence of intoxicating liquor, because his action may endanger others.

The defendant sought to show by the witness Preston that he (the defendant) was not the owner of the car, was not driving it, and had no control over it. Preston testified he had bought the car from the defendant four weeks previous to the episode under consideration, and that about two weeks after the episode he traded it back to the defendant; that no license had been transferred to him and that he received no bill of sale from the defendant when he purchased the car. Defendant complains of cross-examination of Preston by the county attorney; that he was not permitted to tell the jury that he did not understand the law in regard to securing a bill of sale for an automobile, or the law of transfer of an automobile tag. The defendant was presumed to know the law, and the cross-examination under the circumstances was not improper.

It appears that the county attorney, in questioning Preston on his purchase of the car, went into the matter for the purpose of showing that there was no attempt to transfer the tag or comply with the law regarding the sale of automobiles, on the assumption that no sale had been made; that the alleged sale was a subterfuge to get the car in Preston's control and out of the control of defendant should the state succeed in showing that the defendant was actually under the influence of liquor. It appears that when the witness finished his testimony the court, assuming he had testified truthfully and admitted thereby violation of the law, thought proper for the sheriff to detain him until the county attorney had time to draw a complaint. It does not appear that the court's action carried the suggestion that Preston was not telling the truth, but assumed as a matter of fact that he was speaking the truth. It cannot be said, under the circumstances, that the court erred in

State v. Ketter.

permitting a rather extensive cross-examination of the witness. The limits of such an inquiry are ordinarily within the discretion of the trial court. (*State v. Smith*, 114 Kan. 186, 217 Pac. 307; *State v. Shanahan*, 114 Kan. 212, 217 Pac. 309.) In *State v. Abbott*, 65 Kan. 139, 69 Pac. 160, it was said:

"There is no better method of sifting the conscience and testing the veracity and credibility of a witness than by cross-examination, and there is abundant authority holding that for the purpose of impairing the credibility of the witness he may be cross-examined as to specific acts tending to discredit him, although such acts are irrelevant and collateral to the main issue." (p. 141.)

At the conclusion of Preston's testimony the court directed the sheriff to hold the witness Preston until the county attorney could draw a complaint against him for violating the law. The contention is that the statement by the court to the sheriff in the presence of the jury was prejudicial to defendant's rights. We are of opinion the court committed no error in detaining the witness until a complaint could be prepared against him. This phase of the case was not unlike those cases where the court commits a witness for contempt. In *State v. Marshall*, 95 Kan. 628, 148 Pac. 675, it was said:

"Where the court in the exercise of its sound discretion finds it necessary to send a refractory witness to jail for evading a direct and candid answer to a competent question, no error is thereby committed in derogation of the rights of a defendant on trial at the time." (Syl. ¶ 1. See, also, *State v. Hanger*, 108 Kan. 115, 193 Pac. 1052; *State v. Hughes*, 33 Kan. 23, 5 Pac. 381; *Loan v. State* [Tex. Cr. R.], 43 L. R. A., n. s., 844, 153 S. W. 305; *State v. Swink*, 151 N. C. 726; *State v. Dalton*, 43 Wash. 278; *Wright v. State* [Tex. Cr. R.], 84 S. W. 593; *Sims v. The State*, 146 Ala. 109; *Pratt v. The State*, 59 Tex. Cr. R. 635.)

Other complaints ably argued by the defendant have been considered, but we find no error which would warrant a reversal.

The judgment is affirmed.