No. 28,546.

The State of Kansas, *Appellee*, v. Taylor Hayden, *Appellant*.

(271 Pac. 291.)

Opinion filed November 3, 1928.

*A. J. Herrod,* of Kansas City, and *S. D. Scott,* of Olathe, for the appellant.

*William A. Smith,* attorney-general, and *Howard E. Payne,* county attorney, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is a criminal prosecution. The information

charged that defendant unlawfully drove "a motor vehicle in, upon and over the public highways . . . while under the influence of intoxicating liquor and while in a state of intoxication." The jury found him "guilty of the offense charged in the information." He has appealed.

The evidence, tending to support the prosecution, was as follows: One Sunday, soon after noon, W. F. Wilkerson and his wife, who reside at Spring Hill, started to drive in their Buick car from their home to Baldwin. When about four miles east of Gardner a rapidly driven car overtook them, turned around them, and in doing so cut in so close to the Wilkerson car as to strike the front end of it and throw it into the ditch. Mrs. Wilkerson got a good look at the driver of the car which struck them, and identified him as being the defendant. A Doctor Zumbrun, who was driving near, observed the license number on the car which caused the trouble, and gave it to Mrs. Wilkerson, who wrote it down. Wilkerson, with some help, got his car out of the ditch and drove to Gardner. There he located the car bearing the license number Mrs. Wilkerson had written down. It was at defendant's home, and was still hot from driving. He inquired for defendant. His wife stated that he was upstairs in bed and not in condition to be seen. She later permitted the marshal to go to his room. He was taken into custody and to the police station, and soon thereafter to the sheriff's office, where he gave bond. Several witnesses, including the peace officers, who saw defendant when he was taken into custody, or soon thereafter, testified that he was drunk, and that this was evidenced by his appearance, his movements and his talk, which was voluble and in part profane. There was evidence, also, that the car which forced the Wilkerson car into the ditch was "weaving" from one side of the road to the other as it approached them, and continued to do so after it passed them.

The pertinent portion of the statute on which the prosecution was based reads as follows:

"It shall be unlawful for any person under the influence of intoxicating liquor . . . to drive . . . any automobile . . . upon any public . . . highway . . . within the state of Kansas." (R. S. 21-2160.)

Appellant first complains of an instruction given which reads as follows:

"You are instructed that drunkenness is the condition of a man whose mind is affected by the immediate use of intoxicating drinks. This condition presents various degrees of intensity, ranging from simple exhilaration to a state

of utter unconsciousness and insensibility. In the popular phrase, the term drunkenness is applied only to those degrees of it in which the mind is manifestly disturbed in its operations. Whenever a man is under the influence of liquor so as not to be entirely himself, he is intoxicated, although he may walk straight, and although he may attend to his business, and may not give any outward and visible signs to the casual observer that he is drunk, yet, if he is under the influence of liquor so as not to be himself, so as to be excited from it, and not to possess that clearness of intellect and control of himself that he otherwise would have, he is intoxicated."

The complaint is that this is not an accurate definition of drunkenness. It will be noted that neither the information, nor the instruction complained of, follows accurately the offense as defined by the statute. So far as the degree or extent of the intoxication is concerned, the statute only requires that it be shown that the person was "under the influence of intoxicating liquor." The information charges that, but further charged that defendant was "in a state of intoxication." By making this added allegation the prosecution assumed a greater burden than it was required by the statute to do. It is clear that in the instruction complained of the court undertook to define that degree of drunkenness, intoxication, or being "under the influence of intoxicating liquor," which the statute declares to be an offense. In doing so he placed a somewhat greater burden on the state than the statute required. So we need not stop to inquire whether the court's definition of when one "is intoxicated" is as full and complete as it should be, for the state did not have to show that defendant was intoxicated. It is clear that the instruction as a whole is as favorable to defendant as he was entitled to have it, and he is not in a position to complain of it.

Appellant contends that the court failed to instruct the jury in material matters of law. Defendant and one other witness in his behalf were each asked a few questions on cross-examination which were obviously designed to affect their credibility as witnesses. It is contended the court should have instructed the jury that these questions and answers went only to their credibility as witnesses, and that the evidence was not received for any other purpose. We note first that the testimony was not objected to, and no motion was made to strike it out; neither was the court requested to give any special instruction concerning it. While the court might very well have embodied a statement of that character in his instructions, we do not regard his failure to do so, in the absence of a request therefor, as being sufficient ground for reversal.

The court gave an instruction frequently given in criminal cases, to the effect that the state is not required to prove that the offense charged was committed on the exact day mentioned in the information, but that it is sufficient to show the offense was committed at any time within two years. The instruction might well have been omitted. It served no useful purpose under the evidence of this case. Appellant contends that it is prejudicial, for the reason that the defendant's evidence tended to show that while he had made a trip that day which took him over the road where the accident is alleged to have occurred, that in fact he had returned home an hour or more before the accident occurred and remained at home until Mr. Wilkerson and the officers called; and the argument is made that when evidence in the nature of an alibi is received, the instruction given is prejudicial. This instruction as given did not refer to the hour of the day, but only to the day itself, and hence is not open to the objection appellant makes.

Appellant complains that the court did not give an instruction on alibi, since his evidence tended to show that he was not present at the time of the accident. No such instruction was requested, and it has been repeatedly held that in the absence of such a request the fact that the court did not give it is not error.

Further appellant contends that the verdict is against the weight of the evidence. It is true defendant had a number of witnesses who testified in his behalf, but the weight of the evidence was for the jury and trial court, and not for this court.

Lastly, it is argued that the form of the verdict, in view of the wording of the information, makes the offense of which the defendant was found guilty uncertain. Appellant inquires, Was defendant found guilty of "being under the influence of intoxicating liquor," or "in a state of intoxication." The obvious answer is that it is immaterial. Either condition constituted an offense under the statute.

Finding no substantial error in the case, the judgment of the court below is affirmed.