No. 34,942

THE STATE OF KANSAS, *Appellee*, v. RAYMOND PHELPS, *Appellant*.

(110 P. 2d 755)

Opinion filed March 8, 1941.

*Edward T. Riling, John J. Riling,* both of Lawrence, and *John W. McElroy,* of Topeka, for the appellant.

*Jay S. Parker,* attorney general, *A. B. Mitchell,* assistant attorney general, and *Milton P. Beach,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was a criminal prosecution for the killing of a man and his wife on a public highway a short distance east of Lawrence, and it is the second appearance of the case in this court. Defendant has again been convicted of manslaughter in the fourth degree and sentenced accordingly. The evidence was substantially the same in the second trial as in the first, so the comprehensive statement of the case in our first opinion, written by Mr. Justice Hoch, will suffice for the purpose of this review. (*State v. Phelps,* 151 Kan. 199, 97 P. 2d 1105.)

The first error complained of is directed against the instructions given and refused. Defendant contends that the instruction on manslaughter in the fourth degree was incorrect, but he does not show in what respect it is faulty. It included the substance of the statute (G. S. 1935, 21-420), which declares that every killing of a human being by the act, procurement or culpable negligence of another, which would be manslaughter at the common law, and which is not manslaughter in some other degree, shall be deemed manslaughter in the fourth degree. Following that statement, the court defined the terms "manslaughter," "culpable negligence," and "negligence." This was in accord with the authorities quoted in *State v. Custer,* 129 Kan. 381, 282 Pac. 1071, and conformed with the rule applied in *State v. Gloyd,* 148 Kan. 706, 84 P. 2d 966, and *State v. Phelps,* supra. There is no analogy between the facts of the instant case, nor the pertinent law relating thereto, and *State v. Bowser,* 124 Kan. 556, 261 Pac. 846, to which counsel for defendant direct our attention.

Complaint is made against the trial court's instruction dealing with the issue of alleged negligent operation of the automobile in which the two victims of the tragedy were riding. The court told the jury that—

"The question of whether or not the car in which the deceased persons were riding was operated in a negligent manner is entirely proper for you to consider in determining what your verdict should be, but the fact, if it be a fact, that such car was negligently driven does not constitute a defense to any of the crimes charged if upon the whole you are satisfied, beyond a reasonable doubt, that the defendant, Phelps, is guilty either of manslaughter or of reckless driving as defined in section 8-531, R. S., or negligent homicide in violation of section 8-529 (G. S. 1939 Supp.)."

The trial court was not required to put all the pertinent law of the case into one paragraph of its instructions, and the part just quoted was both pertinent and proper.

Another criticism of the instructions is that they did not fully cover defendant's theory of the case—that the court failed to advise the jury that the negligence of Brown (the deceased, driver of the other car) should be taken into consideration in arriving at their verdict of the guilt or innocence of defendant. This criticism is not good; the point contended for was fairly covered by other instructions needless to quote; but the court's 13th instruction is worth repeating:

"The instructions in this case attempt to cover the situation as a whole and are somewhat disconnected in order that they may cover the various questions presented. However, no single observation should be singled out and made the basis of your verdict without reference to the others, for the reason that they should be considered as a whole and applied as a whole."

It is next argued that the court should have instructed the jury that it was not unlawful for the appellant to turn out to the left to pass the car ahead of it, "as the road . . . was practically level for several hundred feet." But the road was not level; there was a "dip to the east," and appellant did not know of this dip. When one is unfamiliar with the road on which he is driving in the night-time, he cannot with impunity take chances on mere appearances and drive ahead without regard to the possibility of causing death or injury to other persons on the highway. Two people died because defendant sought to pass another car on the highway without being well assured that he had time and distance to do so without danger to the lives and limbs and property of others.

It is also contended that the court submitted the case to the jury on the theory that there were two offenses committed, when, if any, it was but a single offense. This general theme was discussed at length in State v. Taylor, 138 Kan. 407, 26 P. 2d 598. See, also, 20 A. L. R. 341-351, 113 A. L. R. 222-228. Here the trial court refused to give this requested instruction.

"You are further advised that while the defendant is charged in the information on two counts [one for the death of Mr. Brown and the other for the death of Mrs. Brown], nevertheless, if you should find the defendant guilty of manslaughter, he can be found guilty only on one count; that matter I will take care of in the forms of verdict submitted to you."

However, following verdict of conviction, sentence for a single offense of manslaughter in the fourth degree was imposed, and it is

not discernible how defendant could have been prejudiced by the refusal to give the instruction requested. (*State v. Emory,* 116 Kan. 381, 383, 226 Pac. 754.)·

The next error urged is on the overruling of the demurrer to the state's evidence and the court's refusal to instruct the jury to return a verdict of not guilty. It is argued that the killing of Mr. and Mrs. Brown was "nothing more or less than an accident." A patient reading of the record does not support that view—certainly not to the extent that the trial court should have taken the case from the jury.

The next error assigned is merely a reargument of the evidence, from which it is contended that the court should not have approved the verdict. No shadow of error appears on this point.

The judgment is affirmed.