No. 45,087

THE STATE OF KANSAS, *Appellee*, v. WALTER W. SAUVAGE, *Appellant*.

(441 P. 2d 861)

Opinion filed June 8, 1968.

Robert A. Creighton*, of Atwood, argued the cause, and *Forest W. Brown*, of Atwood, was with him on the brief for the appellant.

*Elmo Lund*, county attorney, argued the cause and *Robert C. Londerholm*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Walter W. Sauvage appeals from his conviction by a jury of the offenses of driving while under the influence of intoxicating liquor (K. S. A. 8-530), transporting an open bottle (K. S. A. 41-804) and refusal to comply with a lawful order of a traffic officer (K. S. A. 8-504).

Appellant's principal complaint upon appeal is directed toward part of a lengthy instruction given by the trial court further defining the phrase "under the influence of intoxicating liquor." His objection at trial was in general terms; he requested merely that one paragraph of a three paragraph instruction be amended to substitute language offered by him.

K. S. A. 8-530 provides in pertinent part:

"(a) It is unlawful . . . for any person who is under the influence of intoxicating liquor to drive any vehicle within this state."

It is thus seen our statute defines the offense only generally. This

court has in a number of cases been concerned with further definition of the phrase "under the influence of intoxicating liquor" as contained in a trial court's instructions to a jury (*State v. Ketter*, 121 Kan. 516, 247 Pac. 430; *State v. Hayden*, 126 Kan. 799, 271 Pac. 291; *Thornton v. Franse*, 135 Kan. 782, 12 P. 2d 728; *State v. Spohr*, 171 Kan. 129, 230 P. 2d 1013; *State v. Grimes*, 193 Kan. 294, 392 P. 2d 926).

We have examined the instruction given in the instant case together with the objection and the requested instruction, in the light of the foregoing decisions, and find the one given was not improper.

Appellant attached in an appendix to his brief sample jury instructions secured from various county attorneys over the state which have been used in prosecuting cases of driving while under the influence of intoxicating liquor. These instructions set forth an array of criteria which may be considered in determining whether one is "under the influence of intoxicating liquor" within the meaning of the statute. The variance shown in this survey is understandable in view of the lack of further statutory implementation. Even though appellant's requested instruction prescribes a different standard, he points to an instruction recommended in PIK 8.84, as follows:

"A person is under the influence of intoxicating liquor when, as a result of the consumption of alcoholic beverages, he has lost control of his mental faculties and bodily functions to the extent that he is unable to operate his vehicle as a person exercising ordinary care would under like circumstances. It is not necessary that such person be completely incapacitated." (p. 242.)

Although proposed for use in civil cases, we think the foregoing delineates an appropriate and a workable standard as to the degree of inebriation requisite for conviction of the criminal offense of driving a vehicle while under the influence of intoxicating liquor, and, in the interest of greater uniformity, we quote it approvingly.

Appellant complains he was not accorded a fair trial by reason of alleged improper remarks made by the county attorney in his closing argument to the jury and by reason of the trial court's failure to act thereon. The trial court sustained in part and overruled in part objections made to the remarks. We have examined the statements complained of. We think the matter so patently innocuous, especially in the face of overwhelming evidence of guilt,

it may safely be said appellant's substantial rights were not thereby prejudiced.

We find no error in the trial court's judgment and it is affirmed.

APPROVED BY THE COURT.