No. 55,197

STATE OF KANSAS, *Appellant*, v. DONALD A. REEVES, *Appellee*.

(664 P.2d 862)

Opinion filed June 10, 1983.

*Kyle G. Smith*, assistant county attorney, argued the cause and *Robert T. Stephan*, attorney general, and *Rodney H. Symmonds*, county attorney, were with him on the brief for appellant.

No appearance by appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal on a question reserved by the State in a criminal action. K.S.A. 22-3602(*b*)(3). The defendant was charged with driving while under the influence of alcohol in violation of K.S.A. 8-1567(*a*). In a trial to a jury he was found not guilty. The State appeals from the trial court's jury instruction which set out the elements of the charge.

K.S.A. 8-1567(*a*) provides:

"No person shall operate any vehicle within this state while under the influence of alcohol."

In instructing the jury, the court gave its instruction No. 6 as follows:

"The defendant is charged with the crime of operating a vehicle while under the influence of alcohol. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. That the defendant drove a vehicle;

"2. That the defendant while driving was under the influence of alcohol *and the control of his mental or physical function was thereby impaired to the extent that he was incapable of safely driving a vehicle;* and

"3. That this act occurred on or about the 24th day of July, 1982, in Lyon County, Kansas."

(Emphasis added.)

Instruction No. 7 read:

"You are further instructed, however, that the mere showing that a person has consumed alcohol is insufficient, and in order to find the defendant guilty you

must find that he was under the influence of alcohol as defined in instruction no. 6."

Instruction No. 6 is essentially the same as PIK Crim. 2d 70.01 and as the defendant had submitted to a chemical analysis of his breath the court gave PIK Crim. 2d 70.02 as its instruction No. 8.

The State objects to the emphasized portion of instruction No. 6, contending that the phrase "and the control of his mental or physical function was thereby impaired to the extent that he was incapable of safely driving a vehicle" erroneously adds an element to the offense not contemplated by the legislature and not contained in the statute. The thrust of the State's objection is not to the use of a definition or standard to be applied to the offense of driving under the influence of alcohol but to its being included in the elements instruction.

While the State argues that no definition or clarification of the term driving while "under the influence of alcohol" is needed, it is to be noted that the State, itself, requested a defining instruction. The State's requested instruction included a phrase defining the offense as being "unable to operate his vehicle as a person exercising ordinary care would under like or similar circumstances." Such a standard was approved by this court in *State v. Sauvage,* 201 Kan. 555, 441 P.2d 861 (1968), under an earlier statute (K.S.A. 8-530 [Corrick] repealed 1974), which was essentially the same as our present statute. We have recognized many times that it is proper for the trial court to furnish some guidance to the jury in its task of determining whether a defendant is "under the influence" of alcohol. In *Sauvage,* after quoting the then existing statute (K.S.A. 8-530), the court stated:

"It is thus seen our statute defines the offense only generally. This court has in a number of cases been concerned with further definition of the phrase 'under the influence of intoxicating liquor' as contained in a trial court's instructions to a jury (*State v. Ketter,* 121 Kan. 516, 247 Pac. 430; *State v. Hayden,* 126 Kan. 799, 271 Pac. 291; *Thornton v. Franse,* 135 Kan. 782, 12 P.2d 728; *State v. Spohr,* 171 Kan. 129, 230 P.2d 1013; *State v. Grimes,* 193 Kan. 294, 392 P.2d 926)." pp. 555-56.

In *City of Topeka v. Martin,* 4 Kan. App. 2d 218, 604 P.2d 73 (1979), the Court of Appeals, in considering the proper instruction to be given in an action under the present statute, said:

"We believe that the legislature intended the law to be that a person could be found guilty of driving while under the influence of intoxicating liquor *whenever his mental or physical function was impaired by the consumption of alcohol to*

*the extent that defendant was incapable of safely driving a vehicle.*" pp. 220-21 (Emphasis added.)

That is essentially the instruction given by the trial court in the instant case.

In establishing various presumptions to be attached to the results of chemical tests to determine the alcohol content of the blood of a driver, K.S.A. 8-1005(*a*)(2) provides:

"[I]f there was at the time .10% or more by weight of alcohol in the defendant's blood, it shall be prima facie evidence that the defendant was *under the influence of alcohol to a degree that renders the person incapable of driving safely.*" (Emphasis added.)

K.S.A. 8-1567(*b*) provides:

"(*b*) No person shall operate any vehicle within this state if the person is a habitual user of or under the influence of any narcotic, hypnotic, somnifacient or stimulating drug or is under the influence of any other drug *to a degree which renders such person incapable of safely driving a vehicle.*" (Emphasis added.)

Thus it appears that the standard contained in PIK Crim. 2d 70.01 and the instruction in this case is the one contemplated by the legislature.

We do agree with the State, however, that the definition should not be included as an element of the crime. To do so might very well be confusing to the jury in a close case. It would be preferable if the elements of the offense were first set forth with the definitional standard added thereto as is the general format of the PIK Criminal Instructions. See, for example, PIK Crim. 2d 56.06; 57.11; 59.19; 60.03; 61.05; 62.01; 63.03; 64.06; 65.03; 66.03 and many others. A preferable instruction might be phrased:

"The defendant is charged with the crime of operating a vehicle while under the influence of alcohol. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. That the defendant drove a vehicle;

"2. That the defendant while driving was under the influence of alcohol; and

"3. That this act occurred on or about the _____ day of _____, 19___, in _____ County, Kansas.

As used in this instruction the phrase 'under the influence of alcohol' means that defendant's mental or physical function was impaired by the consumption of alcohol to the extent that he was incapable of safely driving a vehicle."

The foregoing suggested instruction could be adapted for gender and for driving while under the influence of drugs, etc., in a format similar to the present PIK Crim. 2d 70.01. We strongly recommend to the PIK Committee that it give consideration to a

revision of 70.01 to separate the definitional portion of the instruction from the elements of the offense and that trial judges make a similar change in the instruction.

As the standard or definition used in the instruction was essentially correct and the instruction acceptable, and as we are of the opinion that the instructions when considered as a whole did not mislead the jury or place an undue burden on the State, the appeal is denied.