(827 P.2d 771)

No. 66,730

STATE OF KANSAS, *Appellee,* v. JOHN J. RUBICK, *Appellant.*

Opinion filed February 28, 1992.

*Frank P. Gilman,* of Law Offices of David R. Gilman, of Overland Park, for appellant.

*Joyce Fackler Hendrix,* assistant county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before GERNON, P.J., ELLIOTT, J., and DAVID PRAGER, Chief Justice Retired, assigned.

PRAGER, C.J. Retired: John J. Rubick (defendant-appellant) appeals his conviction on one count of driving while under the influence. K.S.A. 8-1567(a). At the trial, Darrell Pressnell, a Kansas Highway Patrol Trooper, testified that he observed a pickup truck weave back and forth on a county road and remain entirely in the oncoming lane of traffic. He stopped the vehicle. The driver was the defendant. The trooper noted a wide-eyed and fixed stare and detected a strong odor of an alcoholic beverage. The defendant's speech seemed slurred, his reactions were slow, and he stumbled and staggered. The trooper informed the defendant he wanted him to perform some field sobriety tests. Defendant refused to take the tests. The trooper then arrested defendant and took him to the sheriff's office. There, defendant refused to take a breath test.

A complaint was filed charging defendant with driving while under the influence of alcohol in violation of K.S.A. 8-1567. Defendant was tried by a magistrate judge. During the trial, the judge declared a mistrial when the State introduced evidence of defendant's refusal to perform the field sobriety tests. The State appealed, and the district judge reversed and remanded the case to the magistrate judge for trial.

On April 22, 1991, the parties appeared for trial before District Judge Donald L. White, who announced that the magistrate judge was not available and asked the parties if they had any objection to the case being heard by a district judge. Defendant's attorney stated that he had no problem with that. Defendant's counsel then waived the right to trial by jury, and a full adversarial proceeding was held. The judge found the defendant guilty as charged. Defendant filed a timely notice of appeal.

Defendant raises two issues on the appeal. He first maintains that the district court lacked jurisdiction to try the defendant because defendant was not arraigned before trial before the district judge. We find this point to be without merit.

Although the record does not expressly show that an arraignment was ever held, it is clear that both parties appeared for trial and were obviously aware that a trial had been scheduled and that defendant had entered a not guilty plea. Defendant did not request an arraignment, nor did he object or raise the issue below.

This issue is controlled by *State v. Huber*, 10 Kan. App. 2d 560, 562, 704 P.2d 1004 (1985), which holds that a defendant waives arraignment when he goes to trial without objection and submits the question of guilt to the trier of fact. Furthermore, the fact that the defendant was first tried before a magistrate judge and later by a district judge is of no significance. The defendant was charged in a complaint filed in district court. There is no separate magistrate court. No additional arraignment is required on remand where a defendant has entered a plea of not guilty, a magistrate judge declares a mistrial, the State appeals to the district court, and the district court reverses the magistrate judge's decision and remands for trial.

Defendant's second point on the appeal is that the trial court erred when it admitted into evidence the trooper's testimony that

the defendant refused to perform field sobriety tests. Defendant maintains that such evidence is not admissible because his refusal was an invocation of his constitutional right to remain silent when tried for a crime.

We find this point to be without merit as contrary to Kansas law. K.S.A. 8-1001 creates an implied consent by all drivers in Kansas to submit to breath, blood, or urine tests; and expressly states that refusal to submit to such testing is admissible in evidence at trial on a charge of driving under the influence. The statute does not, however, expressly address field coordination tests. Decisions of the United States Supreme Court and the Kansas courts are in agreement that the constitutional privilege against self-incrimination "protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature." *Schmerber v. California,* 384 U.S. 757, 761, 16 L. Ed. 2d 908, 86 S. Ct. 1826 (1966); *State v. Haze,* 218 Kan. 60, 542 P.2d 720 (1975).

In *State v. Haze,* 218 Kan. at 62-63, it was held that, when ordered by a court to supply handwriting examples, an accused has no constitutional or statutory right to refuse and, if he does so, the fact of his refusal may be admitted into evidence. The rationale of the court was that the privilege against self-incrimination applies only to communications or testimony of an accused, but not to real or physical evidence derived from him. The court in part relied upon *State v. Faidley,* 202 Kan. 517, 450 P.2d 20 (1969), where the issue was the admissibility of defendant's performance of a "heel-to-toe balance test," which was held to be non-testimonial and not in violation of the defendant's privilege against self-incrimination. The testimony of a highway patrol officer, describing defendant's conduct, was held to be admissible.

In *State v. Haze,* the court stated that defendant's communication of a refusal to give a handwriting sample was in substance an indication of the *conduct* of the accused, which should be treated as an act or conduct indicating consciousness of guilt, rather than a self-incriminating statement. Defendant was being as uncooperative as possible and evidence of these actions was properly presented to the jury.

In the more recent case of *State v. Jones,* 3 Kan. App. 2d 553, 555-56, 598 P.2d 192 (1979), the court held that coordination tests performed on the highway after being stopped on suspicion of driving while under the influence do not violate defendant's privilege against self-incrimination, even in the absence of a *Miranda* warning. The court relied in part on *State v. Faidley,* 202 Kan. 517.

We are convinced that the rationale of these cases is applicable to and controls the result in the case before us.

We hold that the district court did not err when it admitted into evidence the trooper's testimony that the defendant refused to perform field sobriety tests.

Affirmed.