NOT DESIGNATED FOR PUBLICATION

No. 115,823

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LOREN T. DAUER
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.


MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed May 12, 2017. Affirmed.

*James D. Sweet*, of James D. Sweet Law Office, of Salina, for appellant.

*Donald J. Cooper*, of Kansas Department of Revenue, for appellee.

Before BRUNS, P.J., HILL and SCHROEDER, JJ.

*Per Curiam*:  Loren T. Dauer appeals the district court's approval of the administrative suspension of his driving license for refusing a chemical test when requested by a police officer. He contends the district court erred in finding that the officer had reasonable grounds to believe that he was operating a car while under the influence of alcohol. Finding no error, we affirm.

Around 1:30 a.m. in mid-October 2014, Lindsborg police officer Derek Bartlett saw Dauer driving a car with no taillights. There were no assemblies, brake lights,

1

taillights, blinker, or reverse lights on the car. Officer Bartlett activated his emergency lights to initiate a traffic stop. The car sped up, turned eastbound into a parking lot, drove along the north side of the building, and then stopped. Dauer did not signal his turns. As the car was sliding to a stop, a person wearing blue jeans, brown boots, and a black coat immediately got out of the car from the driver's side door and ran north. That person fell down twice while running away. Officer Bartlett began looking for the runner. About a minute or two later, an individual wearing the described clothing came forward. The person had dirt and grass stains on his knees consistent with falling down. Officer Bartlett then identified the individual as Dauer. The officer noticed that Dauer's eyes were bloodshot and watery, there was a very strong odor of alcohol coming from his person, and he swayed slightly on multiple occasions.

Officer Bartlett arrested Dauer. The officer placed Dauer in handcuffs and read him the *Miranda* warnings. The officer asked Dauer if he would submit to field sobriety tests or a blood test. Dauer refused.

Officer Bartlett searched the car. He found an open beer bottle in the center console cup holder with some alcohol in it and two beer cans. The officer did not observe anyone else in the car. Some time later, he reviewed video footage of the stop and saw that another person got out of the car using the driver's side door. The passenger's side door was welded shut. The individual was never identified. "Dauer Power" was written in spray paint on the back window. Dauer did not indicate that anyone else was driving the car.

On the DC-27 form, the officer marked the following as the reasonable grounds for his belief that Dauer was under the influence of alcohol: the odor of alcoholic beverages, alcoholic beverage containers were found in the car, and Dauer's bloodshot eyes.

Dauer was given notice of his license suspension. At an administrative hearing the Kansas Department of Revenue affirmed the suspension of Dauer's driving privileges because the officer had reasonable grounds to believe that Dauer was operating a vehicle while under the influence of alcohol, and Dauer had refused to submit to a blood test. Dauer sought judicial review of the suspension in the McPherson County District Court.

The district court held a de novo hearing. The only issue was whether there were reasonable grounds to believe Dauer had been operating a car while under the influence of alcohol. Officer Bartlett testified. No other evidence was presented. The district court found that the officer had probable cause or reasonable grounds to believe Dauer was operating a car under the influence of alcohol. The court affirmed the administrative suspension of Dauer's driving license. Dauer timely appeals.

Dauer contends on appeal that the district court erred because Officer Bartlett did not have reasonable grounds to believe Dauer was the driver of the car, or that Dauer was under the influence of alcohol.

Under Kansas law, a person's driving privileges may be suspended for refusal to take a blood, breath, or urine test if the officer was authorized to request such test under the statute. K.S.A. 2016 Supp. 8-1014(a). A law enforcement officer is required to request that a person submit to a test of the person's blood, breath, urine or other bodily substance to determine the presence of alcohol or drugs if, "at the time of the request, the officer has reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both," and the person has been arrested or taken into custody for a violation of a statute, county resolution, or city ordinance. K.S.A. 2016 Supp. 8-1001(b).

Following a trial de novo in an administrative driving license suspension case, appellate courts review whether the district court's decision was supported by substantial

competent evidence. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). Substantial competent evidence means "'such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion.' [Citation omitted.]" *Smith v. Kansas Dept. of Revenue*, 291 Kan. 510, 514, 242 P.3d 1179 (2010). In determining whether the trial court's decision was supported by substantial competent evidence, appellate courts do not reweigh conflicting evidence, make witness credibility determinations, or redetermine questions of fact. *Mitchell v. Kansas Dept. of Revenue*, 32 Kan. App. 2d 298, 301, 81 P.3d 1258 (2004). The ultimate legal conclusion, *i.e.*, whether reasonable grounds existed, is a question of law subject to unlimited review. *Poteet v. Kansas Dept. of Revenue*, 43 Kan. App. 2d 412, 415, 233 P.3d 286 (2010).

Reasonable grounds under K.S.A. 2016 Supp. 8-1001(b) is "strongly related to the standard for determining probable cause." *State v. Johnson*, 297 Kan. 210, 222, 301 P.3d 287 (2013). Kansas courts use probable cause standards when reviewing whether an officer had reasonable grounds to request an evidentiary test. *Allen v. Kansas Dept. of Revenue*, 292 Kan. 653, 656, 256 P.3d 845 (2011). In turn then, probable cause to arrest for driving under the influence furnishes reasonable grounds for an officer to request an evidentiary test. However, it is possible that an officer may have reasonable grounds sufficient to request a test under K.S.A. 2016 Supp. 8-1001(b), but have insufficient probable cause to arrest the driver. *Smith*, 291 Kan. at 514. Probable cause to arrest means "the reasonable belief, drawn from the totality of information and reasonable inferences available to the arresting officer, that the defendant has committed or is committing a specific crime." *Johnson*, 297 Kan. at 222.

Officer Bartlett testified that although he did not see Dauer operate the car, he did see a person he believed to be the driver *immediately* get out of the car from the driver's side door as the car slid to a stop. He testified that if the person was not the driver, then that person would have been sitting on the driver's lap. The person ran away, but then

4

came forward. The officer identified the person as Dauer. Dauer was wearing the same clothing as the individual that ran out of the car.

The Department need only prove that the officer had reasonable grounds to believe Dauer was the person operating a car, not that Dauer was actually the person operating the car. See *Furthmyer v. Kansas Dept. of Revenue*, 256 Kan. 825, 836, 888 P.2d 832 (1995). The timing of Dauer's exit from the driver's side door of the car was sufficient to furnish the officer with such reasonable grounds. It would be unreasonable for anyone other than the driver to get out of the car from the driver's side door as the car slid to a stop.

The district court found there were reasonable grounds to believe Dauer was under the influence of alcohol because he:

- committed traffic infractions—he did not use his turn signals and they were evidently broken;
- accelerated after the officer tried to stop him;
- took off running once the car was stopped;
- had bloodshot and watery eyes;
- was swaying and had trouble with his balance on multiple occasions;
- had a strong odor of an alcoholic beverage about him;
- had an open container of alcohol and empty containers of alcohol in his car;
- refused a field sobriety test; and
- refused a breath test.

Officer Bartlett actually testified that Dauer was offered a blood test, not a breath test. But the court likely misspoke because this was not a contested fact. The remaining factual findings are all supported by Officer Bartlett's uncontroverted testimony.

5

This court next reviews the district court's legal conclusion that the officer had reasonable grounds to believe Dauer was under the influence of alcohol. See *Poteet*, 43 Kan. App. 2d at 415.

Dauer contends the odor or presence of alcohol, without more, does not provide the reasonable grounds that Dauer was under the influence. He cites *City of Hutchinson v. Davenport*, 30 Kan. App. 2d 1097, Syl. ¶ 3, 54 P.3d 532 (2002). But unlike *Davenport*, this is not a case where the odor of alcohol alone was asserted as reasonable suspicion to justify a traffic stop.

Officer Bartlett started the traffic stop because Dauer's car had no taillights. After the officer turned on his emergency lights, Dauer sped up and continued away from the officer. Dauer turned into a parking lot. As Dauer's car came to a stop, he immediately took off running. When Dauer came forward, the officer noticed that his eyes were bloodshot and watery, there was a very strong odor of alcohol coming from his person, and he swayed slightly on multiple occasions. Officer Bartlett located an open beer bottle in Dauer's car. Dauer refused to take a field sobriety test.

Our court has considered all of these types of facts to be indicators of intoxication. Fleeing the scene is an indicator of impaired judgment. See *McClure v. Kansas Dept. of Revenue*, No. 109,025, 2013 WL 5870119, at *3 (Kan. App. 2013) (unpublished opinion). The odor of alcohol and bloodshot eyes are factors that suggest a person is under the influence. See *Campbell v. Kansas Dept. of Revenue*, 25 Kan. App. 2d 430, 431, 962 P.2d 1150 (1998). Poor balance can indicate impairment. See *State v. Chacon-Bringuez*, 28 Kan. App. 2d 625, 633-34, 18 P.3d 970 (2001). Possession of an open container is another factor that may be considered in determining whether there is probable cause to believe a person is under the influence. *City of Dodge City v. Webb*, 50 Kan. App. 2d 393, 398, 329 P.3d 515 (2014). The refusal to take a field sobriety test can

6

indicate consciousness of guilt. See *State v. Huff*, 33 Kan. App. 2d 942, 945-46, 111 P.3d 659 (2005); *State v. Rubick*, 16 Kan. App. 2d 585, 587-88, 827 P.2d 771 (1992).

In our view, there were sufficient signs of intoxication to support a reasonable belief that Dauer was under the influence of alcohol. Thus, the district court did not err in concluding that the officer had reasonable grounds to believe Dauer was driving under the influence of alcohol.

Affirmed.