(878 P.2d 227)
No. 70,157

STATE OF KANSAS, *Appellee*, v. ROBERT J. AREHART, *Appellant*.

—

Opinion filed July 29, 1994.

*F. Charles Dunlay*, of Overland Park, for appellant.

*George E. Scamman*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before GREEN, P.J., BRAZIL J., and DAVID L. THOMPSON, District Judge, assigned.

THOMPSON, J.: Robert Arehart, defendant, appeals his conviction of driving while under the influence of alcohol, contending the trial court applied the wrong legal standard, erroneously took judicial notice, applied the wrong burden of proof, and had no substantial competent evidence to support the conviction.

On September 26, 1992, Officer Larry Roland of the Kansas Highway Patrol saw defendant leave a liquor store with a brown paper sack in his hand. Defendant got into his car and began to drive away, making a wide turn out of the parking lot. Roland testified, however, that he never saw defendant violate any law or operate his vehicle in an unsafe manner.

After following defendant for a short distance, Roland stopped defendant. Upon initiating a conversation with defendant, Roland

detected the smell of alcohol on defendant's breath. When asked if he had been drinking, defendant said he had consumed two drinks over a period of two hours. At Roland's request, defendant performed two field sobriety tests, failing both. At the police station, defendant submitted to a breathalyzer test, which indicated his blood alcohol concentration was at least .204. The State charged defendant with one count of driving with a blood alcohol concentration of .10 or more and/or driving while under the influence of alcohol and with one count of driving with an open liquor container.

During trial, the court dismissed the blood alcohol concentration portion of the first count because of errors in the administration of the breathalyzer test and also dismissed the second count of driving with an open container. The only remaining charge was violation of K.S.A. 8-1,567(a)(3), the operation or attempted operation of a vehicle while under the influence of alcohol. The trial court found defendant guilty of the remaining charge and, in its findings of fact, stated the following:

"[O]ne drink impairs you. Your reflexes are down. You aren't as good a person as you were prior to taking one drink. No matter how you might appear, your reflexes are down. With that premise in mind, going to the first argument about the driving safely, if you intention-ally do anything to yourself to reduce your reflexes that could avoid an accident, I'd have to say that that would be enough to show that you are impaired to the extent that you are not driving safely. And I know that's a tough standard, but at this point, that's the premise I'm going to have to begin with."

In discussing the facts and law supporting defendant's conviction, the trial court stated:

"So we go back to the fact that, without even going into the field sobriety tests, that the officer smelled alcohol. He observed him walking and had some problems, and the wide turn; and I'd have to say, even under those facts, I'd have to personally find somebody guilty of driving while under the influence of alcohol. . . . And I'm sorry to say that it just doesn't take much to convict somebody under my philosophy of the way these things are, and it's probably too bad, but that's what—what you're stuck with at this particular point."

After the trial court sentenced defendant to 180 days in jail and fined him $500, defendant moved for acquittal. In denying defendant's motion, the trial court stated:

"I'd have to say on this, once a defendant admits, unfortunately, to an officer he's been drinking, I'm, at that point, going to assume he cannot safely drive, 'cause he is intentionally doing something where there is impairment so he cannot drive. And I—I'll let it go up on . . . appeal on that aspect of it.

. . . .

". . . [I]f your client hadn't—admitted he had been drinking, this probably—I don't know. I can't remember exactly how strong he was on the odor and that type of thing, but once you admit it, it really makes it tough I know. I'm going to have to deny your motion."

Our court has unlimited review of conclusions of law. *Hutchinson Nat'l Bank & Trust Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988). The interpretation of a statute and its application to a given set of facts are questions of law. *State v. Schlein*, 253 Kan. 205, 209, 215, 854 P.2d 296 (1993).

Defendant's first argument is that the trial court's interpretation of K.S.A. 8-1567(a)(3) created a higher, stricter standard for "under the influence of alcohol" than the legislature had intended. The fundamental rule of statutory construction is that a court should interpret a statute to give it the effect intended by the legislature. *State v. Schlein*, 253 Kan. at 209. In Kansas, all crimes are established by statute, and a court should not extend a criminal statute to embrace acts or conduct not clearly included within the statutory prohibitions. *State v. Palmer*, 248 Kan. 681, 691, 810 P.2d 734 (1991); *State v. Doyen*, 224 Kan. 482, 488, 580 P.2d 1351 (1978).

K.S.A. 8-1567(a)(3) provides: "No person shall operate or attempt to operate any vehicle within this state while . . . under the influence of alcohol." Although the statute itself does not define "under the influence of alcohol," our Kansas Supreme Court has consistently interpreted the term to mean the defendant's physical or mental function was so impaired by the consumption of alcohol that he or she was incapable of safely driving a vehicle. *State v. Brueninger*, 238 Kan. 429, 434, 710 P.2d 1325 (1985); *State v. Reeves*, 233 Kan. 702, 704, 664 P.2d 862 (1983). The legislature amended K.S.A. 8-1567(a)(3) to reflect that a person must be impaired "to a degree that renders the person incapable of safely driving a vehicle." K.S.A. 1993 Supp. 8-

1567(a)(3). The amended version, which took effect July 1, 1993, does not apply here.

Despite the clear dictates by our Kansas Supreme Court, the trial court applied its own interpretation of K.S.A. 8-1567(a)(3), stating, "[O]ne drink impairs you [and] if you intentionally do anything to yourself to reduce your reflexes that could avoid an accident, I'd have to say that that would be enough to show that you are impaired to the extent that you are not driving safely." The court, in effect, held that driving after consuming one drink is sufficient for a conviction under K.S.A. 8-1567(a)(3). The legislature has explicitly prohibited driving with a certain blood alcohol concentration and driving while intoxicated to the extent that the driver cannot drive safely. These are minimum standards. The legislature has not extended the law to prohibit driving after consuming one drink or driving while the person's reflexes are somewhat diminished.

At trial, the court referred to the fact that Roland smelled alcohol on defendant's breath, that defendant had difficulty walking, and that defendant made a wide turn with his car while exiting the parking lot. If the court had applied the proper standard, this evidence may have been sufficient to convict defendant. However, by implying that consumption of one drink is sufficient to support a conviction, the trial court downplayed the importance of this evidence.

Also, the trial court failed to make an evidence-based determination that defendant was impaired to the extent that he could not drive safely. Rather, the court assumed such impairment because defendant admitted he had been drinking. Again, proof of consumption of alcohol, without more, is insufficient to support a drunk driving conviction.

The record clearly shows the trial court applied a standard that is contrary to the minimum standards required by K.S.A. 8-1567(a)(3). Therefore, defendant's conviction must be reversed and the case remanded for a new trial. Because of this holding, all other issues need not be discussed.

Reversed and remanded.