(974 P.2d 121)
No. 81,102
STATE OF KANSAS, *Appellee*, v. BARBARA J. BLAIR, *Appellant*.

—

Opinion filed February 12, 1999.

*Robert J. Bednar*, of Bednar and Mock, A Professional Association, of Atchison, for the appellant.

*Patrick E. Henderson*, assistant county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, P.J., PIERRON and MARQUARDT, JJ.

PIERRON, J.: Barbara J. Blair appeals her conviction for driving while under the influence of alcohol (DUI) pursuant to K.S.A. 1997 Supp. 8-1567(a)(3). Blair argues the State failed to introduce evidence that she was driving under the influence of alcohol to a degree that rendered her incapable of safely driving a vehicle. We affirm.

When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Claiborne*, 262 Kan. 416, 425, 940 P.2d 27 (1997).

Blair argues the State must produce evidence of erratic driving or impaired driving when the charges are not a per se blood alcohol concentration violation of the DUI statute. Blair contends the State lacked such evidence because the officer testified she was not stopped for erratic driving, she immediately stopped when signaled

by the officer, she was not committing any traffic infraction, she did a fairly good job on the field sobriety tests, and she felt that she could safely operate her vehicle.

Under K.S.A. 1997 Supp. 8-1567(a)(3), being under the influence of alcohol means that the operator's physical or mental function is so impaired by the consumption of alcohol that he or she is incapable of safely driving a vehicle. See *State v. Arehart*, 19 Kan. App. 2d 879, Syl. ¶ 1, 878 P.2d 227 (1994). In finding Blair guilty, the district court relied on the officer's testimony that Blair had an odor of alcohol about her and that she had problems with the field sobriety tests. The court also relied on Blair's statements to the officer that she had consumed four beers, was drunk, knew she was drunk, and would take a blood test to prove it. This evidence is sufficient to convict Blair.

After thorough consideration of the arguments raised on appeal and review of the entire record, we affirm Blair's conviction.

Affirmed.