(111 P.3d 659)
No. 92,341

STATE OF KANSAS, *Appellee*, v. DENNIS P. HUFF, *Appellant*.

—

Opinion filed May 20, 2005.

*Edward C. Gillette*, of Kansas City, for appellant.

*Steven J. Obermeier*, assistant district attorney, and *Phill Kline*, attorney general, for appellee.

Before McANANY, P.J., MALONE, J., and KNUDSON, S.J.

McANANY, J.: Dennis P. Huff, the defendant, appeals from his conviction for felony driving under the influence of alcohol. Finding no error, we affirm.

Deputy Sheriff Hamilton stopped Huff who was traveling 77 miles per hour in a 55 miles-per-hour zone. Hamilton observed Huff's vehicle drive onto the shoulder of the roadway at least two times before the stop. When he approached Huff's vehicle he smelled a strong alcoholic odor coming from Huff's breath. Huff would not look at him and Hamilton had trouble hearing what Huff said when Hamilton asked him questions. Hamilton also observed that Huff had bloodshot eyes and that his speech was somewhat slurred. Huff had difficulties finding his license in his wallet when asked to produce it.

Hamilton asked Huff if he had been drinking, and Huff responded that he preferred not to answer the question. Huff refused to take the horizontal gaze nystagmus test and was not asked to perform any other field sobriety tests. Hamilton later asked Huff to take an Intoxilyzer test and read Huff the implied consent advisory, but Huff refused. Based on his observations, Hamilton believed Huff was unable to safely drive his vehicle and arrested Huff for driving under the influence.

Huff asserts that the videotape of the stop establishes that he did not show signs of intoxication. Huff cites nothing in the record to support this, since the videotape was not included in the record on appeal. Consequently, we disregard this assertion, though we do note that Hamilton acknowledged that Huff did not stumble or stagger when stepping out of his car and later when he was handcuffed.

Huff was charged with felony driving under the influence of alcohol, due to having two or more prior convictions, and one count of speeding. Hamilton testified and the videotape was admitted into evidence at the preliminary hearing. No evidence of Huff's prior convictions was presented at the preliminary hearing. The

district court found probable cause and bound Huff over for trial. Following a bench trial Huff was convicted on both counts. He now appeals his driving under the influence conviction.

*Sufficiency of the Evidence at the Preliminary Hearing* ·

Taken chronologically, Huff first claims there was insufficient evidence at the preliminary hearing to bind him over for trial and, therefore, the district court was without jurisdiction to proceed. Huff did not raise this issue before the district court. Generally, an issue not raised below cannot be raised on appeal. *State v. Williams*, 275 Kan. 284, 288, 64 P.3d 353 (2003). However, the issue of jurisdiction can be raised for the first time on appeal. *State v. Hanks*, 10 Kan. App. 2d 666, 670, 708 P.2d 991 (1985), *rev. denied* 238 Kan. 878 (1986).

Huff claims the State failed to present any evidence regarding his previous DUI convictions, a lapse he contends is fatal under *State v. Seems*, 277 Kan. 303, 84 P.3d 606 (2004). In *Seems*, as here, the State failed to present any evidence of the defendant's previous DUI convictions at the preliminary hearing. However, there is a crucial distinction between *Seems* and the facts of Huff's case. Here, Huff failed to object to being bound over for trial following the preliminary hearing. In contrast, the defendant in *Seems* moved to dismiss the charges at the close of the preliminary hearing, and the magistrate sustained the motion. The State appealed the dismissal, and both this court and the Supreme Court affirmed the dismissal. In doing so, the court referred to the trial court's "jurisdiction," which in the proper context clearly refers to a procedural defect that warranted dismissal of the charge. 277 Kan. at 305. It does not refer to a non-waiveable impediment to the trial court proceeding further.

*State v. Butler*, 257 Kan. 1043, 1059, 897 P.2d 1007 (1995), *modified on other grounds* 257 Kan. 1110, 916 P.2d 1 (1996), remains good law and has direct application to Huff. The *Butler* court stated, "We have held that the sufficiency of a preliminary examination may be challenged only by a motion to dismiss or grant appropriate relief filed in the district court. [Citation omitted.] Failure to challenge in this manner amounts to waiver." 257 Kan.

at 1059-60. In reaching this conclusion, the court rejected the approach taken by Connecticut in *State v. Boyd*, 214 Conn. 132, 141, 570 A.2d 1125 (1990), *i.e.*, that insufficient evidence at the preliminary hearing stage is a jurisdictional defect. *Butler*, 257 Kan. at 1062. This is the same argument asserted by Huff today. The court in *Butler* further held that "where an accused has gone to trial and been found guilty beyond a reasonable doubt, any error at the preliminary hearing stage is harmless unless it appears that the error caused prejudice at trial." 257 Kan. at 1062.

There is a long line of Kansas cases that support this proposition. For example, see *State v. McClain*, 258 Kan. 176, 185, 899 P.2d 993 (1995), in which our Supreme Court declared that the sufficiency of a preliminary hearing may only be challenged under a motion to dismiss or to grant other appropriate relief under K.S.A. 22-3208 and that a failure to file a motion within 20 days of arraignment constitutes waiver and precludes appellate review.

We see no indication that our Supreme Court intended in *Seems* to strike down the long line of cases that recognize the doctrine of waiver in this situation.

*Sufficiency of the Evidence at Trial*

Huff also challenges the sufficiency of the evidence at trial to support his conviction of driving under the influence. We review the evidence in the light most favorable to the prosecution to determine whether a rational factfinder could have found Huff guilty beyond a reasonable doubt. See *State v. Ly*, 277 Kan. 386, 394, 85 P.3d 1200, *cert. denied* 541 U.S. 1090, 124 S. Ct. 2822 (2004). Our consideration of the sufficiency of the evidence includes circumstantial evidence, which can support even the gravest of convictions. *State v. Davis*, 275 Kan. 107, 118, 61 P.3d 701 (2003).

The gravamen of this charge against Huff consists of driving while "under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle." K.S.A. 2002 Supp. 8-1567(a)(3). Incapacity to drive safely can be established through sobriety tests and other means. *State v. Blair*, 26 Kan. App. 2d 7, Syl. ¶ 2, 974 P.2d 121 (1999). Viewed in a light most favorable to the State, Huff's speeding and driving off the roadway, his slurred

speech, bloodshot eyes, fumbling to find his drivers license, and odor of alcohol all form a substantial basis for his conviction.

Huff claims that the district court placed improper emphasis on his refusal to submit to sobriety tests. This argument is without merit. The court is justified in considering the defendant's refusal to submit to the Intoxilyzer test under K.S.A. 8-1001(i). This same rationale applies to Huff's refusal to submit to field sobriety tests. See *State v. Rubick*, 16 Kan. App. 2d 585, 587-88, 827 P.2d 771 (1992).

Huff compares his situation to that found in *State v. Arehart*, 19 Kan. App. 2d 879, 878 P.2d 227 (1994), where the district court essentially stated that driving after consuming one drink was sufficient to find a defendant drove under the influence of alcohol under K.S.A. 8-1567(a)(3) (Ensley 1992). *Arehart* is not at all comparable. The district court in the present case made it clear that its determination was based on all the testimony, including that of Deputy Hamilton recited earlier, all of which pointed to Huff's guilt.

There was substantial competent evidence to support Huff's conviction.

Affirmed.