NOT DESIGNATED FOR PUBLICATION

No. 117,058

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARY KENDALL RIVERA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Greeley District Court; WENDEL W. WURST, judge. Opinion filed March 16, 2018. Affirmed.

*Terry J. Malone*, of Williams-Malone, P.A., of Dodge City, for appellant.

*Bret F. Mangan*, assistant county attorney, *Charles F. Moser*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and LEBEN, JJ.

PER CURIAM: Gary Rivera appeals his convictions for driving under the influence and failing to stop at an accident resulting in great bodily harm. He argues that there wasn't enough evidence to prove that, on the night of the accident, he was "incapable of safely driving a vehicle," which was required to convict him of driving under the influence. But Rivera admitted that he was too drunk to drive, other evidence suggested that he drank more than a dozen beers that day, and he still smelled like alcohol the next morning. That was enough evidence to convict him.

Rivera also argues that the State didn't prove that he "intentionally, knowingly, or recklessly" left the scene of the accident, which was required for a conviction for failure to stop at an accident. But the State's evidence showed that there was still daylight when Rivera's truck struck a man trying to signal for a ride near a car stopped alongside the roadway. And afterward, Rivera didn't answer the door when an officer came to his home to question Rivera about the accident—suggesting Rivera knew he had done something wrong. Once again, there was enough evidence to convict him.

FACTUAL AND PROCEDURAL BACKGROUND

Rivera had been golfing with some friends from college on May 25, 2015. Around five o'clock, the group headed to the home of Mitch and Genevre Wilcox in Tribune, Kansas, to eat supper and play cards and dominoes. Mrs. Wilcox later testified that, while at the Wilcox's home, Rivera drank one or two beers. Rivera left to drive home between 7 and 8 o'clock. Mrs. Wilcox testified that she believed Rivera was intoxicated when he left.

That same evening, Ernest Boutwell and Robert Gooch drove into Tribune from Horace to run a few errands. When driving back towards Horace, Boutwell's car ran out of gas. After pulling the car to the side of the road, Boutwell and Gooch decided to walk the rest of the way. It was still light out, but close to sundown.

When Boutwell heard a vehicle approaching, he stuck out his arm to try to catch a ride. Gooch said the vehicle—a Chevy pickup truck—was traveling at a high rate of speed and hit Boutwell's outstretched hand. The driver of the truck didn't stop, but another driver soon came by and took Boutwell to the hospital. Boutwell was treated for a broken bone and several lacerations on his hand. Gooch kept walking towards Horace and never saw the truck return.

2

Sheriff Mark Rine was on duty that night. He investigated the accident and testified at Rivera's trial. Rine testified that he first went to the scene of the accident and noted broken glass and blood drops at the place of impact, 137 feet (about 45 yards) from Boutwell's parked car. So a driver heading the same direction Boutwell and Gooch were walking should have seen the parked vehicle shortly before coming across the two men walking at the side of the road.

These are small towns, so Rine set out looking for a vehicle that would match the damage from the accident. In Horace, he found a Chevy pickup truck with a broken passenger-side mirror and broken windshield. The pickup belonged to Rivera and was outside Rivera's house. Rine believed this was the truck that had hit Boutwell, so he "pounded" on Rivera's door for several minutes, but Rivera didn't answer. So Rine left a note on Rivera's truck telling Rivera to contact him.

The next morning, Rivera drove to Rine's house. Rine said that he asked Rivera about the damage to Rivera's truck and Rivera told him he thought he had hit a pheasant the night before. But Rine testified that he did not believe the damage to Rivera's truck was caused by a pheasant. Rivera admitted to Rine that he drank a 12-pack of beer between 10 a.m. and 8 p.m. before the accident, was probably intoxicated, and that he was too drunk to drive.

The State charged Rivera with driving under the influence of alcohol under K.S.A. 2014 Supp. 8-1567(a) and failure to stop at the scene of an accident under K.S.A. 2014 Supp. 8-1602(a). Rivera waived his jury-trial right and the case was tried to a district judge. The court heard testimony from Rine, Mrs. Wilcox, Boutwell, and Gooch, and the State introduced photographs of the damage to Rivera's truck. The court found Rivera guilty on both counts, and Rivera appealed to our court.

ANALYSIS

Rivera argues that there wasn't sufficient evidence to support his conviction on either charge. When the sufficiency of the evidence is challenged in a criminal case, we review the evidence in a light most favorable to the State to determine whether a rational fact-finder—here, the judge—could have found the defendant guilty beyond a reasonable doubt. *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). We do not reweigh evidence, resolve evidentiary conflicts, or make determinations about witness credibility when making this decision. *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016).

We'll first discuss Rivera's conviction for driving under the influence of alcohol. Under K.S.A. 2014 Supp. 8-1567(a)(3), the State charged Rivera with "[d]riving under the influence[, which] is operating or attempting to operate any vehicle within this state while . . . under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle." In determining whether a defendant was incapable of safely driving, a fact-finder may consider circumstantial evidence, including whether the defendant smelled of alcohol, had poor balance, had slurred speech, drove erratically, committed traffic violations, or admitted to drinking. See, e.g., *State v. Huff*, 33 Kan. App. 2d 942, 945-46, 111 P.3d 659 (2005) (finding evidence sufficient to support conviction for driving under the influence where defendant drove off road, had slurred speech, and smelled of alcohol); *State v. Kennedy*, No. 106,728, 2012 WL 4678927, at *2 (Kan. App. 2012) (unpublished opinion) (finding evidence sufficient to support conclusion that defendant was driving under the influence and incapable of safely driving where defendant drove into concrete barrier, stumbled out of ditch, smelled of alcohol, and admitted he had consumed three alcoholic drinks).

Rivera argues that the only evidence that he was impaired is that he hit a man's outstretched hand with his truck. But Rivera ignores a lot of other evidence:

4

- Sheriff Rine testified that Rivera admitted to drinking 12 beers between 10 a.m. and 8 p.m. that day.
- Mrs. Wilcox testified that she saw Rivera open one or two more beers shortly before he drove home from her house.
- Gooch testified that the truck that hit Boutwell was travelling at a high rate of speed.
- Rivera admitted to Rine that he was probably intoxicated and too drunk to drive that evening.
- The two men were walking, in daylight, only a short distance up the road from a parked car, which should have caused a normal driver to pay more attention.
- Rine testified that Rivera didn't respond to his loud pounding on Rivera's front door.
- Rine also testified that Rivera still smelled like alcohol the next morning.
- When Rine asked Rivera about the damage to his truck, Rivera said that he thought he had hit a pheasant the night before, but Rine testified that the damage to the truck didn't look like it was caused by a pheasant.

Viewing the evidence in the light most favorable to the State, a rational fact-finder could conclude that Rivera had been incapable of safely driving.

Rivera's other conviction was for leaving the scene of an accident in which great bodily harm was caused. Rivera does not argue a lack of great bodily harm—his sole argument on appeal is that he didn't know he had struck someone and thus didn't commit this crime.

Kansas law requires the driver of a vehicle involved in an accident to remain at the scene:

> "The driver of any vehicle involved in an accident resulting in injury to, great bodily harm to or death of any person or damage to any attended vehicle or property shall immediately stop such vehicle at the scene of such accident . . . [and] shall remain at the scene of the accident until the driver has fulfilled the requirements of K.S.A. 8-1604 . . . ." K.S.A. 2014 Supp. 8-1602(a).

Rivera is correct that the State must show that he violated this statute intentionally, knowingly, or recklessly. *State v. Heironimus*, 51 Kan. App. 2d 841, 850, 356 P.3d 427 (2015). The district court found that Rivera intentionally failed to stop after hitting Boutwell.

Rivera argues that he didn't know that there had been an accident. Instead, as Rivera told Sheriff Rine, he says he thought he hit a pheasant. But the evidence before the court supported the conclusion that Rivera knew he was involved in an accident with a person but chose not to stop. At the time of the accident, it was still light out. Rivera's truck hit Boutwell only about 45 yards past Boutwell's parked truck, close to the side of the road with no obstructions to hide it from view. The State admitted photographs of Rivera's truck, which showed significant damage and blood on the windshield. Rine testified that he did not believe this type of damage was caused by a pheasant. And when Rine went to Rivera's house to question him, Rivera didn't answer the door despite minutes of loud knocking. Taking the evidence in the light most favorable to the State, a reasonable fact-finder could have concluded that Rivera knew that he hit a person (not a pheasant) and intentionally left the scene.

We affirm the district court's judgment.

6