NOT DESIGNATED FOR PUBLICATION

No. 122,447

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF SALINA,
*Appellee*,

v.

DANIEL FRANK MCNEILL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed February 19, 2021. Affirmed.

*Andrea K. Swisher*, of Swisher Law Office, LLC, of Salina, for appellant.

*Jeffrey A. Norris*, of Clark, Mize & Linville Chartered, of Salina, for appellee.

Before BRUNS, P.J., GREEN and ATCHESON, JJ.

PER CURIAM:  In a municipal court appeal, the Saline County District Court found Defendant Daniel Frank McNeill guilty of driving under the influence based on stipulated facts. McNeill has now appealed the district court conviction and challenges the sufficiency of the evidence. Given our standard of review, we find the stipulated evidence supports the conviction and affirm the district court.

McNeill was charged with and convicted of DUI and traffic infractions for defective headlights and a defective turn signal in the Salina Municipal Court. He appealed to the district court and then filed a motion to suppress evidence from the traffic

1

stop that led to the charges. After the district court denied the motion, his lawyer and the municipal prosecutor submitted the case to the district court for trial on a seven-page stipulation of facts and two videos depicting the movements of McNeill's motor vehicle before the stop and Salina Police Officer Matthew Steffen's interactions with McNeill after the stop. Based on the stipulated evidence, the district court found McNeill guilty of all three charges and duly sentenced him.

McNeill has appealed. On appeal, he does not challenge the denial of his suppression motion and contests only the sufficiency of the evidence supporting the DUI conviction. In reviewing a sufficiency claim, we construe the evidence in a light most favorable to the party prevailing below, here the State, and in support of the verdict or judgment. An appellate court will neither reweigh the evidence generally nor make credibility determinations specifically. *State v. Jenkins*, 308 Kan. 545, Syl. ¶ 1, 422 P.3d 72 (2018); *State v. Butler*, 307 Kan. 831, 844-45, 416 P.3d 116 (2018); *State v. Pham*, 281 Kan. 1227, 1252, 136 P.3d 919 (2006). The issue for review is simply whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *Butler*, 307 Kan. at 845; *State v. McBroom*, 299 Kan. 731, 754, 325 P.3d 1174 (2014). Although the evidence consists of a written stipulation and video recordings, we are to give due deference to the district court as the fact-finder in assessing the factual underpinnings for the judgment. See *State v. Garcia*, 297 Kan. 182, 186-88, 301 P.3d 658 (2013).

We draw the facts from the same sources as the district court. Before recounting the facts, we mention what seems to be a peculiarity in the evidentiary narrative. The detailed stipulation essentially ends at the point a second police officer arrived at the scene and "assumed the investigation." The stipulation does not indicate whether McNeill was offered and took a preliminary breath test. Likewise, the stipulation has no information about what happened after McNeill was arrested. Typically, the arresting officer requests that a DUI suspect take a chemical test to measure his or her

2

blood-alcohol level. Again, we have no information indicating McNeill agreed to or refused a chemical test—either circumstance commonly would be recounted in a DUI trial.

In the early evening of December 29, 2017, McNeill went into a convenience store in Salina. The clerk immediately noticed him as he shambled in, seemed to wander around, and then headed into part of the store marked for employees only. The clerk retrieved McNeill and recognized the strong smell of alcohol about him. When the clerk asked McNeill what he was looking for, he responded, "Beer." The clerk explained the store did not sell alcohol, but she pointed out a liquor store across the street. After McNeill got in his car to leave, the clerk called the police to report a likely drunk driver and provided a description of McNeill and his car.

Officer Steffen responded to the call and watched McNeill drive from the liquor store. He noted a defective headlight and McNeill's failure to signal a turn, although the indicator apparently wasn't working. As described in the stipulation, McNeill made "too wide" a righthand turn. Officer Steffen then stopped the car.

Officer Steffen immediately noticed the strong smell of alcohol when he got close to McNeill. McNeill's eyes were bloodshot and watery. As Officer Steffen explained the reason for the traffic stop, McNeill said, "I'm sorry." McNeill failed to follow Officer Steffen's directions. For example, McNeill reached to open the glove box, ostensibly to get his identification after he had already provided that information and Officer Steffen had specifically told him to stop. McNeill admitted to drinking "a lot" and explained that he had a problem controlling his drinking. Several times he asked Officer Steffen to let him go.

Officer Steffen noted that McNeill seemed to shuffle around rather than walking with a normal or unimpaired gait. When Officer Steffen tried to explain and demonstrate

3

the first of several field sobriety tests, McNeill was unresponsive and made no effort to perform the test. Officer Steffen didn't try to have McNeill do any other field sobriety tests.

McNeill was charged with violating a Salina municipal ordinance for operating a motor vehicle while he was under the influence of alcohol to a degree he was incapable of driving safely, an offense that mirrors K.S.A. 2020 Supp. 8-1567(a)(3). Like other crimes, driving under the influence may be proved through circumstantial evidence. See *State v. Thach*, 305 Kan. 72, 84, 378 P.3d 522 (2016) (even gravest crimes may be proved with only circumstantial evidence); *State v. Bradish*, No. 107,415, 2013 WL 3455783, at *3 (Kan. App. 2013) (unpublished opinion) (DUI may be proved through circumstantial evidence).

Although the evidence in the stipulation cannot be characterized as overwhelming, it was sufficient to support McNeill's conviction. The evidence obviously established McNeill was driving. And he was intoxicated. McNeill's admissions to Officer Steffen alone are enough on intoxication. But the store clerk's observations and conclusion support that element of the offense. See *State v. Shadden*, 290 Kan. 803, 819-20, 235 P.3d 436 (2010) (Courts commonly receive lay opinion testimony as to whether a person is intoxicated based on the witness' observations of the person's conduct and appearance.); *State v. Price*, No. 119,411, 2019 WL 3367891, at *5 (Kan. App. 2019) (unpublished opinion). Officer Steffen also saw substantial indicators McNeill was intoxicated.

Whether McNeill was so intoxicated he could not drive safely presents a much closer question based on the stipulated evidence. Making "too wide" a turn, as described in the stipulation, is not an inherently unsafe maneuver. But it could have been depending on other traffic and just how wide the turn was. Turning into a lane for oncoming traffic, especially in a heavily traveled area or at a high-volume time would be. The stipulation,

4

however, offers no details of that sort. The video indistinctly depicts the turn and does not establish that it was patently unsafe.

But McNeill provided sufficient circumstantial evidence bearing on his degree of impairment. First, his confusion about giving his identification information to Officer Steffen coupled with his apparent lack of comprehension of the related directions from the officer indicate substantial impairment. McNeill's shuffling gait, without some alternative explanation (and there was none here), similarly suggests significant intoxication. McNeill's admission to heavy drinking and having a problem stopping fall in line with the conclusion. Even more telling were McNeill's several requests to Officer Steffen to let him go. Those entreaties are indicative of a guilty mind—McNeill's own conclusion that he was driving when he shouldn't have been.

Similarly, McNeill's inability or refusal to perform the field sobriety test Officer Steffen demonstrated also provides circumstantial evidence supporting the conviction. McNeill's inaction may have reflected a substantially impaired capacity to comprehend the instructions and respond—a lack of acuity that would correspond to an inability to drive safely. See *State v. Swingle*, No. 107,856, 2013 WL 4729565, at *2 (Kan. App. 2013) (unpublished opinion) (field sobriety tests designed to measure subject's mental acuity in understanding directions and physical coordination in performing tasks; poor performance consistent with intoxication). If McNeill deliberately refused to perform the test, that would tend to show he believed he was significantly impaired. See *State v. Huff*, 33 Kan. App. 2d 942, 946, 111 P.3d 659 (2005).

In *Bradish*, this court found that the defendant's "inability to easily produce his driver's license, his slow responses to questions, and his performance on the field sobriety tests all demonstrated a substantial degradation of physical coordination and mental acuity consistent with intoxication and an inability to drive safely." 2013 WL 3455783, at *3. In turn, that circumstantial evidence sufficiently supported those elements of

5

Bradish's DUI conviction. The comparable constellation of circumstances here carries us to the same conclusion—the stipulation provided enough evidence for the district court to find McNeill guilty of DUI.

Affirmed.