NOT DESIGNATED FOR PUBLICATION

No. 122,451

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF EMPORIA,
*Appellee*,

v.

LINDA ESTRADA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed April 30, 2021. Affirmed.

*James Bordonaro*, of Emporia, for appellant.

*Brandy Roy-Bachman*, city prosecutor, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Linda Estrada appeals from her conviction for driving under the influence. The City of Emporia Municipal Court also convicted Estrada of driving with an open container and driving left of center. However, following a bench trial, the district court upheld only the conviction for driving under the influence. On appeal, Estrada contends that sufficient evidence does not support her conviction. Based on our review of the record on appeal, we find that the City presented sufficient evidence upon which a rational finder of fact could conclude beyond a reasonable doubt that Estrada was guilty of driving under the influence. Thus, we affirm Estrada's conviction.

1

In the early morning hours of October 13, 2018, Emporia Police Officer Sinjin Andrews received a report from the dispatcher of a reckless driver. Officer Andrews located a vehicle matching the description provided by the dispatcher. The vehicle was spotted heading eastbound on 6th Avenue. Following the vehicle, Officer Andrews saw the vehicle drifting to the left and "crossing the center line with everything except for the passenger side tires." According to Officer Andrews, the vehicle continued to be driven into "oncoming traffic for approximately a block . . . ."

After stopping the vehicle, Officer Andrews determined that Estrada was the driver. The officer requested her license and insurance information. Although Estrada produced both documents, Officer Andrews found her response to be slow. Estrada told the officer that she was headed to work at a nearby manufacturing plant and that her shift began at 4:30 a.m. Officer Andrews found this explanation to be concerning because it was only 1:52 a.m.

While speaking to Estrada, Officer Andrews smelled the odor of an alcoholic beverage and requested that Estrada perform field sobriety tests. As Estrada exited the vehicle, the officer observed a six-pack of Smirnoff Ice under the driver's seat. He also noticed that four of the six bottles were missing. During the walk-and-turn test, Estrada was unable to walk heel-to-toe on every step except the ninth in one direction and missed on every step in the other direction. Also, during the one-leg-stand test, Estrada dropped her foot, started to sway, and raised her arms up for balance.

Based on Estrada's performance during the field sobriety tests, Officer Andrews asked Estrada to submit to a preliminary breath test. Although Estrada consented, she was unable to provide a sufficient sample after three attempts. At that point, based on his

observations and the field sobriety tests, Officer Andrews placed Estrada under arrest for suspicion of driving under the influence of alcohol.

While the traffic stop was ongoing, Emporia Police Officer Justin Hill arrived on the scene as backup. Officer Hill asked Estrada if he could search her vehicle and she consented. In searching the vehicle, the officer seized an open bottle of Budweiser behind the driver's seat with some liquid in it and also seized the sealed Smirnoff Ice bottles that Officer Andrews had previously seen. Also, in speaking to Estrada's mother—who came to the scene to pick up the vehicle—Officer Hill learned that Estrada had been at a family gathering earlier in the evening where there had been drinking of alcoholic beverages.

At the Lyon County Jail, Officer Andrews read the DC-70 implied consent form to Estrada and asked her to submit to a breath alcohol test. In response, Estrada refused to submit to testing. As a result, Officer Andrews issued her a citation and served her with a completed DC-27 form. Specifically, the City charged Estrada with driving under the influence in violation of City Ordinance 25-21 §30(a), (K.S.A. 2018 Supp. 8-1567[a]), for transporting an open container of alcohol in violation of City Ordinance 25-21 §106(a), (K.S.A. 2018 Supp. 8-1599[b]), and for driving left of center in violation of City Ordinance 25-21 §42, (K.S.A. 8-1518).

Under both City Ordinance 25-21 §30(a) and K.S.A. 2018 Supp. 8-1567(a), the City was required to establish that Estrada was driving under the influence, pursuant to one of the following forms of evidence.

"(a) Driving under the influence is operating or attempting to operate any vehicle within this state while:

(1) The alcohol concentration in the person's blood or breath as shown by any competent evidence, including other competent evidence, as defined in K.S.A. 8-1013(f)(1), and amendments thereto, is 0.08 or more;

3

(2) the alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle, is 0.08 or more;

(3) under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;

(4) under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or

(5) under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle."

After a City of Emporia municipal court judge convicted Estrada on all three charges, she appealed to the district court. On November 13, 2019, the Lyon County District Court held a bench trial. At trial, the City presented the testimony of Officers Andrews and Hill. It also introduced an alcohol and drug influence report into evidence. In her defense, Estrada did not present any evidence.

At the end of the trial, the district court found Estrada to be guilty of driving under the influence but found her to be not guilty on the other two charges. In reaching its verdict, the district court explained:

"On a case of this type, the only requirement of the Court is that it render a verdict. I will, however, explain to some degree why I've reached the verdict that I've reached.

"The Court is going to find the defendant not guilty on the transporting an open container charge. Other than a description of the container, there was no description or even opinion rendered here in the testimony by either officer as to what the contents of that container was. Consequently, the evidence simply does not support that charge.

"I'll deal with driving under the influence and the driving left of center together. While it is true that not every sign of a classic, impaired driver was exhibited by the defendant, there was unexplained here a driving of a vehicle late at night or early in the morning, as you care to describe it, in which the defendant's vehicle traveled in the

4

opposite lane, crossing double yellow lines for nearly a block. No explanation whatsoever for the reasoning behind that, coupled with the inability of the defendant to do or to perform satisfactorily either of the two field sobriety tests that are admissible into evidence convinces the Court that there is evidence to support the conclusion that Ms. Estrada was driving while under the influence and impaired to the extent that she was incapable of safely operating a vehicle. Therefore, she's found guilty of the charge of driving while under the influence. The driving left of center is, in my opinion, part and parcel of the driving while under the influence and is, therefore, merged into the charge of driving while under the influence."

Thereafter, Estrada timely filed a notice of appeal.

ANALYSIS

The sole issue presented on appeal is whether the City presented sufficient evidence at trial to support Estrada's conviction for driving under the influence. When the sufficiency of the evidence is challenged in a criminal case, we are to review the evidence in a light most favorable to the prosecution to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. In making this determination, we are not to reweigh evidence, resolve evidentiary conflicts, or make credibility determinations. *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). It is only in rare cases where the testimony is so incredible that no reasonable person could find guilt beyond a reasonable doubt that a guilty verdict should be reversed. *State v. Torres*, 308 Kan. 476, 488, 421 P.3d 733 (2018).

In Kansas, a criminal conviction may be supported by circumstantial evidence so long as it provides a basis for a reasonable inference regarding the fact in dispute. In order to be sufficient, circumstantial evidence need not exclude every other reasonable conclusion. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016). Indeed, a conviction of even the gravest offense can be based entirely on circumstantial evidence. *Logsdon*, 304 Kan. at 25. There is no legal distinction between direct and circumstantial evidence

in terms of their respective probative value. *State v. Lowery*, 308 Kan. 1183, 1236, 427 P.3d 865 (2018).

Here, Officer Andrews testified at trial that he responded to a report of a reckless driver in the early morning hours. He also testified that after locating the vehicle in question, he personally observed it to drift to the left, cross the center line, and continue driving into oncoming traffic for a block before correcting. In addition, Officer Andrews testified that the driver of the vehicle—who he discovered to be Estrada—told him that she was headed to work at a nearby manufacturing plant for a shift that did not begin for several hours.

Furthermore, Officer Andrews testified that he smelled the odor of alcohol while speaking to Estrada and saw a partially full six-pack of Smirnoff Ice under the driver's seat. Moreover, Officer Hill testified that when he searched Estrada's vehicle, he found an open bottle of Budweiser—with some liquid inside—behind the driver's seat. Officer Andrews also testified that Estrada showed signs of impairment on both the walk-and-turn test and one-leg-stand test. Finally, Officer Andrews testified that Estrada refused to take a breath alcohol test after being arrested on suspicion of driving under the influence and after being read the DC-70 implied consent form.

After hearing the testimony and reviewing the exhibits admitted into evidence, the district court found that Estrada could not explain why she was driving late at night or why her vehicle drifted across the center line. In addition, the district court found that Estrada did not satisfactorily perform the field sobriety tests administered by Officer Andrews after being pulled over. As a result, the district court concluded that the City presented sufficient evidence to support a conviction for driving under the influence beyond a reasonable doubt.

6

On appeal, Estrada suggests that her erratic driving could be explained based on reasons other than intoxication. For example, it could be explained by her being tired or by her attempting to pass another vehicle. However, Estada did not submit any evidence at trial to support either of these scenarios. In addition, Estrada made the same contention during closing argument without persuading the district court. Nevertheless, it is not our role to reweigh the evidence.

In addition, Estrada points out that Officer Andrews did not testify about his DUI investigation training. Estrada also asserts that Officer Andrews did not testify whether he provided an explanation to her prior to administering the field sobriety tests. She also complains that there is no video evidence to corroborate Officer Andrews' testimony regarding the results of the field sobriety tests.

A review of the record reveals that Estrada had the opportunity to cross-examine Officer Andrews and it was up to the district court to consider his credibility. Additionally, Estrada does not point to any authority to suggest that a corroborating video is required. Consequently, the district court was charged with the duty of weighing the evidence presented at trial, and we find no reason to believe that it did so erroneously.

Ultimately, Estrada would have us reweigh the evidence presented at trial. Yet, as discussed above, we are not at liberty to either reweigh the evidence or to make credibility determinations. See *Chandler*, 307 Kan. at 668. Instead, our review is limited to determining—after viewing the facts in the light most favorable to the City as the prevailing party—whether a rational fact-finder could have found that Estrada was guilty of driving under the influence beyond a reasonable doubt. See *Chandler*, 307 Kan. at 668.

Based on our review of the record, we find that the district court carefully considered all of the evidence presented by the parties, appropriately weighed the evidence, and properly applied it to the law and to the facts. In particular, we find that the

7

City presented evidence that Estrada was observed driving erratically; that she gave unusual answers for her reasons for driving late at night; that the smell of alcohol came from her car; that officers observed an open can of beer and a six-pack of Smirnoff bottles in her car; and that Estrada demonstrated evidence of impairment based on the failed field sobriety tests. In addition, we find that a "court is justified in considering the defendant's refusal to submit to an Intoxilyzer test." *State v. Huff*, 33 Kan. App. 2d 942, 946, 111 P.3d 659 (2005); see also K.S.A. 2020 Supp. 8-1001(c)(4) (refusal to submit to testing may be used against a defendant on trial for driving under the influence).

Although it is possible that some other fact-finder may have reached a different determination, we conclude that the City presented sufficient evidence upon which a rational fact-finder could conclude beyond a reasonable doubt that Estrada was guilty of driving under the influence.

Affirmed.